584 P.2d 636 (1978)
Harry William OGDEN, Plaintiff-Appellant,
v.
Vernon V. McCHESNEY, Defendant-Appellee.
No. 77-272.
Colorado Court of Appeals, Div. II.
June 29, 1978.
Rehearing Denied August 3, 1978.
DeMuth & Eiberger, Kevin C. Haight, Denver, for plaintiff-appellant.
Yegge, Hall & Evans, Robert W. Harris, Denver, for defendant-appellee.
*637 SMITH, Judge.
Plaintiff, Harry William Ogden, brought this action against the defendant, Vernon V. McChesney, for injuries sustained when the plaintiff slipped on ice, which had accumulated near a rusted drain spout in front of a building owned by Mr. McChesney. At the conclusion of Plaintiff's evidence, the trial court directed a verdict in favor of McChesney, on the grounds that he, as landlord, had no responsibility for the type of upkeep which would have prevented the injuries in question. This appeal by plaintiff followed. We affirm the trial court.
Ogden, at the time of his injury in 1973, was working for Contractors Heating and Supply Company (Contractors), d/b/a Rol-Fab, a wholly owned subsidiary, and the sole tenant of the premises on which the injury occurred. The defendant, at that time, owned the building in question, and was also the chairman of the board of Contractors. According to the oral lease between McChesney and Contractorsthe terms of which are not in dispute hereContractors was to provide "maintenance" on the property. It was not asserted that the defect which caused the injury was a hidden one of which McChesney had knowledge at the time the lease was made.
Evidence was introduced that McChesney came to the property once to inspect some repair work on the roof, and that he also directed Contractors, through its president, Ferguson, to put in some new sewer lines. Relying essentially on these events, the plaintiff insists on appeal that the evidence was sufficient to give the jury the question of whether McChesney, as landlord,[1] had the requisite degree of control over the premises to make him liable for the drain spout's state of disrepair. He argues further that it was error not to let the jury decide whether Ferguson had been acting as the landlord's agent, when he performed various repair work on the premises.
On reviewing a directed verdict, we note that a trial judge may direct a verdict only in the clearest of cases. His job is not to usurp the fact-finding responsibility of the jury. See Romero v. Denver & Rio Grande Western Ry., 183 Colo. 32, 514 P.2d 626 (1973). A verdict should be directed only when the evidence has such quality and weight as to point strongly and overwhelmingly to the fact that reasonable men could not arrive at a contrary verdict. See Safeway Stores, Inc. v. Langdon, 187 Colo. 425, 532 P.2d 337 (1975).
The trial court concluded that McChesney had not retained control of the premises for the purposes of, nor assumed responsibility for, keeping the building in repair. This was a valid assessment based upon the evidence.
Absent retention of control or an agreement to maintain, a landlord is not obligated to make repairs on leased premises, even if the premises are in a dangerous condition and repairs are necessary to render it safe and suitable for tenant's use and occupancy. 51C C.J.S. Landlord & Tenant § 366(1). The basic and elementary reason for this rule is that ordinarily the landlord, once the tenant takes possession, has no right of entry or control over the leased premises. Rosenberg v. Krinick, 116 N.J.L. 597, 186 A. 446 (1936). Thus, since McChesney had relinquished control of the leased premises, and had made no direct covenant to repair, he is not liable for personal injuries to his tenant's employees caused by the defect which occurred on the premises. Hardin v. Elvitsky, 232 Cal.App.2d 357, 42 Cal. Rptr. 748 (Dist.Ct.App.1965); Breimhorst v. Beckman, 227 Minn. 409, 35 N.W.2d 719 (1949); Roan v. Bruckner, 180 Neb. 399, 143 N.W.2d 108 (1966).
The evidence relative to the issue of control is completely contained in the testimony of McChesney and Ferguson. This testimony *638 undisputedly supports the proposition that both parties considered it to be the lessee's (Contractors') responsibility to make and pay for repairs. This is true despite the fact that Ferguson occasionally inquired of McCheseny as to whether certain repairs should be made and that he generally advised McChesney, as chairman of the board of Contractors of major repair expenses which had been incurred. It was clear from Ferguson's testimony that it was not a required business policy that he apprise McChesney of all repair work done or needed.
As to the "inspection" of the roof repair by McCheseny, the testimony from both men indicates that he went up on the roof at the behest of Ferguson, and gave the repair work a rather perfunctory onceover. McChesney admitted that he ordered Contractors to undertake repair work on the sewer lines, but that this had been occasioned by a letter sent to McChesney, as landlord, by the City of Denver. Lastly, the testimony indicated that employees of Contractors made all of the repair-oriented inspections, and decisions relating thereto, and that Contractors paid for all repair workincluding the roof work and the sewer line work.
On a motion for a directed verdict, the non-moving party is entitled to every legitimate inference from the evidence, see Gossard v. Watson, 122 Colo. 271, 221 P.2d 353 (1950), but for us to conclude from the evidence that the landlord may have been liable for repair work would be to indulge in speculation. Likewise, the evidence will not support the inference that Ferguson was acting as agent for the landlord, when he undertook the repair activities described in the testimony.
We perceive from this evidence nothing from which a jury properly could conclude that McChesney, as landlord, had been in control of the premises for the purpose of repair work or had assumed any obligation therefore.
Judgment affirmed.
BERMAN and STERNBERG, JJ., concur.
NOTES
[1] The plaintiff is barred from suing McChesney in his role as board member for Contractors under the provisions of the Workmen's Compensation Act, which restricts suits against one's employers. See § 8-42-102, C.R.S.1973 (1976 Cum.Supp.). The common law remedies against the defendant, in his role as landlord, however, are not affected by the Workmen's Compensation Act. See § 8-52-108, C.R.S. 1973.