Richard RICKLIN, Plaintiff-Appellant,

v.

Helen SMITH, Defendant-Appellee.

No. 80CA0452.

Colorado Court of Appeals,
Div. III.

Feb. 3, 1983.

Rehearing Denied Feb. 24, 1983.

Certiorari Denied Sept. 6, 1983.

Dufty, Schoenwald & Hultin, Pamela N. Hultin, Denver, for plaintiff-appellant.

Erickson, Quigley & Goss, P.C., Neil Quigley, Denver, for defendant-appellee.

BERMAN, Judge.

In this comparative negligence action arising from a vehicle-pedestrian accident, a jury verdict was entered finding plaintiff-pedestrian to be 67% negligent and defendant-driver 33% negligent. Because he recovered nothing under such a distribution

of percentage contribution, plaintiff appeals. We reverse and remand for a new trial.

Plaintiff sued the driver for negligent operation of her car. The driver raised contributory negligence as an affirmative defense. At the conclusion of the evidence, the plaintiff moved the court for a "directed verdict" against the driver. The court, after listening to arguments from both sides, stated that: "On the question of the motion of plaintiff for a directed verdict, I would rule that the defendant, as a matter of law, was negligent." Thereafter, in response to a question from defendant's counsel as to whether the court was taking the question of proximate cause from the jury, the court said, "Yes .... I would say, as a matter of law, that her [defendant's] negligence was *the* proximate cause of this accident." (emphasis added) However, the instruction given to the jury stated: "The Court has determined that the Defendant was negligent as claimed by the Plaintiff and that the Defendant's negligence was *a* proximate cause of Plaintiff's claimed injuries." (emphasis added) The court then sent the issue of plaintiff's contributory negligence to the jury.

The plaintiff argues that the issue of contributory negligence should have been resolved by directing a verdict for plaintiff because no evidence was presented upon which reasonable jurors could find plaintiff's conduct negligent. We disagree.

■ In passing upon a motion for directed verdict, the trial court must view the evidence in the light most favorable to the party against whom the motion is directed, and every reasonable inference to be drawn from the evidence presented is to be considered in the light most favorable to such party. A motion for directed verdict can be granted only where the evidence, when so considered, compels the conclusion that reasonable persons could not disagree and that no evidence, or legitimate inference to be drawn therefrom, has been received or

shown upon which a jury's verdict against the moving party could be sustained. *Nettrour v. J.C. Penney Co.,* 146 Colo. 150, 360 P.2d 964 (1961).

■ Here, the court reasonably concluded that there was evidence from which a legitimate inference might arise that plaintiff was contributorily negligent. Thus, a directed verdict was properly denied.

■ In the alternative, plaintiff contends that, even if his conduct was negligent, it was not a proximate cause of his injuries. However, because this issue was not raised by plaintiff's motion for new trial, we do not consider it here. *Barker v. Colorado Region—Sports Car Club of America,* 35 Colo.App. 73, 532 P.2d 372 (1974).

Plaintiff next argues that the court erred in failing to instruct the jury on the duties imposed on the driver of a vehicle, even though a claim of negligence had been directed against the driver. Plaintiff's argument is that, without such instructions, the jury has nothing to compare with plaintiff's duties when making its comparative negligence calculations. He argues that the jury's comparison of each party's negligence would be unbalanced because only the plaintiff's duties would be before the jury in the form of instructions. We agree.

■ Comparative negligence "abrogates the common law concept of contributory negligence, thus relieving both parties of an all-or-nothing situation, and substitutes apportionment of the damages by fault." *C. Heft & C. Heft, Comparative Negligence* § 1.10 (1978 rev. ed.). Because its purpose is to allow juries to compare relative negligence and to apportion damages on that basis, the jury must be given, in the form of instructions, an explanation of what conduct on the part of each party would constitute negligence.

■ Although the jury in this case was told that the defendant was negligent as a matter of law, the jury was not told what

conduct of the defendant prompted the court to enter a directed verdict against her. The record reveals that the court's reason for directing a verdict, stated outside the presence of the jury, was that "what a person should see, they are negligent in not seeing," and thus, "she [the defendant] had to look right at him [the plaintiff]." The court ruled "as a matter of law, that this is negligence." The jury needed to know the court's reason for the directed verdict in order to make a comparison of the relative fault of each party. Hence, we hold that, in comparative negligence cases where a finding or verdict of negligence is directed against one or more parties, the court must, in its instructions, inform the jury as to the basis for the finding of directed verdict.

■ Although one of the instructions contained a paragraph on the duty of a driver to exercise "due care," this was not sufficient to inform the jury on the applicable standard of care imposed on a driver. Due care was not defined in the instructions. It is true that "reasonable care" was defined by instruction and is a term used interchangeably with "due care" in case law. *See, e.g., Mitchell v. Allstate Insurance Co.,* 36 Colo.App. 71, 534 P.2d 1235 (1975); *Colorado & Southern Ry. Co. v. Chiles,* 50 Colo. 191, 114 P. 661 (1911). However, such definitional instruction did not alleviate the problem since the jurors, without appropriate instruction, had no way of knowing that the two terms describe the same degree of care.

Plaintiff's remaining arguments are without merit.

The judgment is reversed and cause is remanded for a new trial.

KIRSHBAUM and TURSI, JJ., concur.