**Ike SHAW, Jr. and Chrystal Lynn Shaw, by her father and next friend, Ike Shaw, Jr., Plaintiffs-Appellants,**

v.

**CITY OF COLORADO SPRINGS, a municipal corporation, Defendant-Appellee.**

**No. 83CA0745.**

Colorado Court of Appeals, Div. IV.

June 7, 1984.

See also, 10 Cir., 727 F.2d 947.

Jack Kintzele, Denver, for plaintiffs-appellants.

James G. Colvin, II, City Atty., Jackson L. Smith, Asst. City Atty., Michael J. Heydt, Sr. Corporate Atty., Colorado Springs, for defendant-appellee.

COYTE *, Judge.

Plaintiffs, Ike Shaw, Jr. (Shaw), an employee of the City of Colorado Springs, and his daughter Chrystal Lynn Shaw, appeal the trial court judgment dismissing their

---

* Sitting by assignment of the Chief Justice under provisions of the *Colo. Const.*, Art. VI, Sec. 5(3), and § 24–51–607(5), C.R.S. (1982 Repl.Vol. 10).

claims against defendant, City of Colorado Springs (City). We affirm.

Shaw was seriously injured when a "pothole" truck owned by the City backed over him while he was working on a city road crew. Plaintiffs subsequently brought an action against the manufacturer of the truck chassis, the dealer who sold the truck to the City, and the contractor who installed the dump bed, because of their failure to install a back-up "beeper" and certain other safety equipment on the vehicle.

Plaintiffs also filed claims against the City on the theories of negligence, products liability, express and implied warranty, outrageous conduct, and misrepresentation. Chrystal Lynn filed a derivative claim for loss of Shaw's companionship and support. Plaintiffs' claims against the City were grounded on the fact that the City had purchased the truck as a bare chassis, and had installed or directed the installation of the equipment, including safety equipment, adapting the truck to pothole work. Plaintiffs alleged in their complaint that in so doing the City acted in a "dual role or capacity" as partial manufacturer of the truck, separate from its role as Shaw's employer.

The city filed a "Motion to Dismiss ... pursuant to Rule 12," claiming that plaintiffs did not "state claims for which relief can be granted," because the City was immune from common law suit pursuant to the exclusivity provision of the Workmen's Compensation Act, § 8–42–102, C.R.S. (1983 Cum.Supp.) (the Act). The City alleged that Shaw had received workmen's compensation benefits, and documents to that effect were attached as exhibits to the motion.

After a hearing, the court found that Shaw was employed by the City, that he had received workmen's compensation benefits, and that the "City of Colorado Springs, a home rule city and a Colorado municipal corporation, as a matter of law, is not acting in a dual capacity as a 'pothole' truck manufacturer." The court concluded that plaintiffs' claims against the

City were barred by the Act and granted the "Motion to Dismiss."

On appeal, plaintiffs contend that the court erred in two respects: procedurally, in that it improperly went outside the four corners of the plaintiffs' complaint in determining whether they raised claims for which relief could be granted; and, substantively, in that it did not follow Colorado law in finding that the City could not, as a matter of law, act in the "dual capacity" of a truck manufacturer. Plaintiffs' contentions are without merit.

## I.

Defendant's motion was denominated a "Motion to Dismiss" pursuant to C.R.C.P. 12(b)(5). Such a motion must be decided strictly on the allegations of the complaint. *See McDonald v. Lakewood Country Club*, 170 Colo. 355, 461 P.2d 437 (1969). However, because the motion was based on an affirmative defense, it more accurately constituted a motion for judgment on the pleadings, which was converted to a motion for summary judgment by the court's consideration of matters outside the pleadings. C.R.C.P. 12(c); *Lin-Ron, Inc. v. Mann's World of Arts & Crafts, Inc.*, 624 P.2d 1343 (Colo.App.1981). Despite its use of an incorrect appellation, the trial court here properly applied the standards of C.R.C.P. 56 in its disposition of the motion. *See Alexander v. Morrison-Knudsen Company*, 166 Colo. 118, 444 P.2d 397 (1968).

Plaintiffs also take issue with the trial court's conclusion that the City was not acting in a dual capacity as a pothole truck manufacturer. The question of whether an employer's second capacity was sufficiently separate to abrogate immunity under the Act is a legal determination. Here, we recognize that the court relied on a fact not in evidence in making that determination. However, the fact relied on—that the City is a home rule City whose principal endeavor is directing a municipality, with the manufacture of trucks, at most, an incidental pursuit—is of such common knowledge that it is susceptible to

judicial notice. CRE 201; *see Prestige Homes, Inc. v. Legouffe*, 658 P.2d 850 (Colo.1983). Therefore, although the City's motion was inaccurately titled, the court's disposition of it was not erroneous.

## II.

The viability of the "dual capacity" doctrine in Colorado was first suggested in a footnote to *Ogden v. McChesney*, 41 Colo. App. 191, 584 P.2d 636 (1978) which explained that defendant, a member of the board of plaintiff's corporate employer, was not immune from common law suit in his individual capacity as the owner of the building where plaintiff was injured. Then, in the case of *Wright v. District Court*, 661 P.2d 1167 (Colo.1983), Colorado joined a handful of other jurisdictions, notably California and Ohio, which allow common law suits under a dual capacity theory against company physicians for malpractice in treating a co-employee. *See* 2A *A. Larson, Workmen's Compensation Law* § 72.61(b) (1983); *D'Angona v. County of Los Angeles*, 27 Cal.3d 661, 166 Cal.Rptr. 177, 613 P.2d 238 (1980); *Guy v. Arthur H. Thomas Co.*, 55 Ohio St.2d 183, 378 N.E.2d 488 (1978).

We need not now decide whether Colorado recognizes the dual capacity doctrine in matters of manufacturer's liability because, under the circumstances here, the City would be immune to suit even in those jurisdictions which clearly recognize the doctrine in such cases.

■ In *Douglas v. E. & J. Gallo Winery*, 69 Cal.App.3d 103, 137 Cal.Rptr. 797 (1977), the case in which the California court adopted the dual capacity doctrine in products liability actions, the court stated that immunity is waived only if the defendant is engaged in manufacturing the defective product for sale to the public and incidentally uses it in his own business. Even where the employer designs and manufactures a product for his own use, and subsequently sells an extra product, it does not become subject to suits by an employee. *Douglas v. E. & J. Gallo Winery, supra.* Ohio, which pioneered the dual capacity doctrine in manufacturer's liability in the case of *Mercer v. Uniroyal, Inc.*, 49 Ohio App.2d 279, 361 N.E.2d 492 (1976), also restricts the doctrine to cases in which the employer's principal business is the manufacture of the defective product. *Knous v. Ridge Machine Co.*, 64 Ohio App.2d 251, 413 N.E.2d 1218 (1979).

■ Here, there is no doubt that the City of Colorado Springs, although undisputedly the partial manufacturer of the truck that injured Shaw, was not principally engaged in the manufacture of "pothole" trucks and, therefore, is immune from common law suit pursuant to the Workmen's Compensation Act. *See Campbell v. Black Mountain Spruce, Inc.*, 677 P.2d 379 (Colo. App.1983).

Judgment affirmed.

ENOCH, C.J., and LEE *, J., concur.