**Jayma WATSON, Plaintiff-Appellant and Cross-Appellee,**

v.

**REGIONAL TRANSPORTATION DISTRICT, Defendant-Appellee and Cross-Appellant.**

**No. 84CA0480.**

Colorado Court of Appeals, Div. III.

May 8, 1986.

Rehearing Denied June 12, 1986.

Certiorari Granted Dec. 8, 1986.

appeals. We reverse and remand for a new trial.

Prior to the accident plaintiff, and her husband, who had been drinking, were performing errands. The motorcycle was proceeding on a street in Boulder when it rear-ended the RTD bus after skidding for 63 feet. When the collision occurred, the bus had its right turn signal on, and the driver was in the process of making a right-hand turn, but was unable to complete the turn because of traffic on the street he was turning into.

Prior to trial, the trial court ruled that, as a matter of law, any negligence by the motorcycle driver would be imputed to plaintiff. At trial it was established that the motorcycle involved in the accident was jointly owned by plaintiff and her husband, but that plaintiff did not know how to operate the motorcycle. At the conclusion of the evidence, the trial court directed a verdict finding Randy Watson negligent as a matter of law.

The case was submitted to the jury to determine if RTD were negligent, and, if it were found negligent, to determine the comparative negligence of the parties.

The trial court instructed the jury to impute Randy Watson's negligence to plaintiff and explained why it had found Randy Watson negligent. However, it rejected three of RTD's tendered instructions dealing with Randy Watson's specific duties as a motorist because, it held, those instructions might confuse the jury.

The jury returned a verdict finding RTD to be 51 percent negligent, plaintiff to be 49 percent negligent, and awarded plaintiff $100,000 in total damages.

In plaintiff's appeal, she contends that the trial court erred in imputing to her the negligence of her husband, the driver. In its cross-appeal, RTD contends, among other arguments for reversal, that the trial court erred when it failed to give specific instructions to the jury concerning Randy Watson's duty of care.

We reject plaintiff's contentions, but agree with RTD's major assertion, and ac-

Stevens & Littman, P.C., Andrew C. Littman, Boulder, for plaintiff-appellant and cross-appellee.

Eiberger, Stacy & Smith, Lawrence D. Stone, Denver, for defendant-appellee and cross-appellant.

METZGER, Judge.

Plaintiff, Jayma Watson, sustained injuries when a motorcycle upon which she was riding and which was being driven by her husband, Randy Watson, collided with a bus owned by defendant, the Regional Transportation District (RTD). From the judgment entered in her resulting negligence action, she appeals, and RTD cross-

cordingly, reverse and remand for a new trial.

### I.

Plaintiff argues that, because she did not have a motorcycle license and had no actual control over the motorcycle nor ever exercised verbal control, and because the title to the motorcycle was held jointly only for financing purposes, the presumption of right to control the motorcycle was rebutted. Accordingly, she contends the trial court erred in imputing the driver's negligence to her. We disagree.

A driver's negligence may be imputed to a passenger if the passenger has a right to control the driver. *Moore v. Skiles*, 130 Colo. 191, 274 P.2d 311 (1954). A right to control the driver is presumed if an owner or joint owner is riding as a passenger in his own vehicle in order to accomplish a common purpose with the driver. *Moore v. Skiles, supra. See also Kussman v. City & County of Denver*, 706 P.2d 776 (Colo.1985); *Hover v. Clamp*, 40 Colo.App. 410, 579 P.2d 1181 (1978). The presumption of the right to control is rebuttable by evidence that the driver was driving the vehicle solely for his own purposes and was not acting as an agent for his passenger-owner or co-owner. *See Moore v. Skiles, supra.*

Here, it was undisputed that plaintiff and the driver were co-owners engaged in agreed-upon errands on their way to an agreed destination. These circumstances are sufficient to support an imputation of the driver's negligence to plaintiff.

### II.

RTD contends on cross-appeal that the trial court erred when it failed to give three tendered instructions which specifically stated Randy Watson's duty of care. RTD argues that *Ricklin v. Smith*, 670 P.2d 1239 (Colo.App.1983) requires these additional instructions as a matter of law. RTD urges that the following jury instruction given by the trial court was insufficient to meet the requirements of *Ricklin:*

"The Court has determined as a matter of law that Randy Watson was negligent at the time of the accident because he did not drive his motorcycle in such a manner as to avoid hitting the bus that was in front of him."

We agree.

*Ricklin v. Smith, supra,* was a comparative negligence case in which the trial court directed a verdict against defendant driver on the issue of negligence. There, the trial court neither explained to the jury the reason for the directed verdict nor instructed the jury concerning defendant's duty of care. On appeal, this court recognized the importance of explaining to the jury, in the form of instructions, the conduct of each party which would constitute negligence. We held that it was error for the trial court to fail to tell the jury "what conduct of the defendant prompted the court to enter a directed verdict ..." reasoning "the jury needed to know the court's reason for the directed verdict in order to make a comparison of the relative fault of each party." *Ricklin v. Smith, supra.* Therefore, the trial court must "in its instructions, inform the jury as to the basis for the finding of [a] directed verdict." *Ricklin v. Smith, supra.*

We interpret *Ricklin* to mean that the jury must be instructed specifically as to the duty of care owed by a party who has been found negligent as a matter of law in order for the jury to make an accurate determination of comparative fault.

Here, the trial court did instruct the jury concerning the bus driver's duty, relating the law as set forth in a City of Boulder ordinance that prohibited stopping upon a street in such a manner as to obstruct or interfere with the movement of traffic or to create a traffic hazard. However, the duty of care imputed to plaintiff did not receive similar treatment in the trial court's jury instructions. The failure to give these instructions prejudiced RTD to the extent that the jury had access to the applicable law to determine RTD's comparative negligence, but lacked access to the specific law

applicable for the determination of plaintiff's comparative negligence.

RTD's other contentions are without merit.

Accordingly, the judgment is reversed, and the cause is remanded for a new trial.

Van CISE and KELLY, JJ., concur.