Dale R. PULLIAM, Plaintiff–Appellant,

v.

Toby J. DREILING and Steven J. Dreiling, Defendants–Appellees.

No. 91CA0893.

Colorado Court of Appeals, Div. III.

Sept. 24, 1992.

Law Offices of Bruce P. Fierst, P.C., Bruce P. Fierst, Rodney G. Loomis, Denver, for plaintiff-appellant.

Quigley & Bruce, James M. Bruce, Denver, for defendants-appellees.

Opinion by Judge ROTHENBERG.

Plaintiff, Dale R. Pulliam, appeals from the trial court's judgment entered on a jury verdict in favor of defendants, Toby and Steven Dreiling. We affirm.

In June 1989, plaintiff was stopped at a traffic light when his car was struck from behind by a car driven by Toby Dreiling. At the time of the accident, Toby was driving a car owned by his father, Steven Dreil-ing. It is undisputed that Toby had his father's permission to drive the car and that Toby was under the influence of alcohol. Plaintiff allegedly sustained personal injuries and damages as a result of the accident. Since both plaintiff and the Dreilings were insured, plaintiff's damages were covered by no-fault insurance.

Plaintiff sued Toby Dreiling for negligence and also claimed that since his actions in driving under the influence of alcohol were willful and wanton, plaintiff was entitled to punitive damages. Plaintiff also sued Steven Dreiling for negligently entrusting the vehicle to his son.

As an affirmative defense, defendants contended that plaintiff had failed to meet the statutory threshold requirements of § 10–4–714(1), C.R.S. (1987 Repl.Vol. 4A) and that, therefore, his claims were barred. At the close of the evidence, the trial court denied plaintiff's motion for a directed verdict against Toby Dreiling on the issues of negligence and causation.

The court then instructed the jury. Instruction number 26 read:

Before you consider the question of either negligence or damage, you must first find that the following was caused by the accident:

The plaintiff, Dale R. Pulliam sustained:

Permanent disability.

If you find that the above has not been proved by a preponderance of the evidence, then you must return a verdict *in favor of the defendants*, and all jurors shall sign Verdict Form A.

On the other hand, if you find that the above has been proved by a preponderance of the evidence, then you shall consider the questions of negligence and damages as set forth in the other instructions given by the Court in this case. (emphasis added)

In instruction number 27, the court told the jury:

You are instructed to answer the following questions: ...

(1) Did the plaintiff ... incur injuries, damages, and/or losses?

(2) Was *the defendant, Toby Dreiling,* negligent?

(3) Was the defendant's negligence, if any, a cause of any injuries, damages, and/or losses claimed by the plaintiff....?

If your answer to any one or more of the above three questions is "no," then your foreman or forewoman shall complete only Special Verdict Form A and he or she and all jurors will sign it. (emphasis added)

Although both instructions directed the jury to sign special verdict form A, instruction 26 directed the jury to do so in order to return a verdict in favor of *defendants*. In contrast, instruction 27 refers only to the negligence of *defendant* Toby Dreiling.

Jury Verdict Form A read:

If the members of the jury sign this verdict form, they shall not sign any other special verdict forms.

We the jury find for the defendant _____ and against the plaintiff _____.

However, through an oversight, this verdict form was not submitted to the jury. Instead, the following verdict form was submitted to the jury as Special Verdict Form A.

(1) Did the plaintiff, ... incur injuries, damages and/or losses?

(2) Was the defendant ... negligent?

(3) Was the defendant's ... negligence, if any, a cause of any of the injuries, damages and/or losses claimed by the plaintiff?

We the jury, having answered one or more of the above three questions "no," find the issues for the *Defendant, Toby J. Dreiling*. (emphasis added)

The problem created by the oversight in submitting the wrong special verdict form A was that the special verdict form referred to only defendant Toby Dreiling.

Four other special verdict forms were also submitted to the jury. Special Verdict Forms D and E, which are also at issue here, relate to plaintiff's claim against Steven Dreiling for negligent entrustment.

During deliberations, the jury sent out the following note:

Should instruction no. 26 be considered or agreed to before any other instructions, i.e., no. 17 through 25?

After conferring with counsel, the court replied, "Please reread instruction no. 26 carefully."

A few minutes later the jury notified the bailiff that it had reached a verdict and, subsequently, tendered special verdict form A which all jurors had signed. The jurors answered "yes" to the first two questions, and "no" to the last question. In doing so, the jury concluded that the plaintiff had incurred injuries, damages, and/or losses, and that the defendant was negligent. However, the jury also concluded that defendant's negligence *did not cause* plaintiff's injuries, damages, or losses.

The jury did not sign any other verdict form. The trial court then entered judgment on the verdict in favor of both defendants.

Plaintiff filed a motion for judgment notwithstanding the verdict or, in the alternative, for a new trial which was denied.

## I.

Plaintiff first contends that the trial court erred in requiring him to meet the threshold requirements of § 10–4–714(1). More specifically, he contends that because he alleged Toby Dreiling's actions were willful and wanton and requested punitive damages, § 10–4–715(1)(c) applies and dispenses with the threshold requirements of § 10–4–714. We disagree.

Section 10–4–714(1) creates a threshold requirement in motor vehicle accident cases which must be met as a prerequisite to the filing of a lawsuit. It provides in relevant part:

No person ... shall be allowed to recover against *an owner* ... *or operator* of a motor vehicle ... for damages for bodily injury caused by a motor vehicle accident, except in which there has been caused by a motor vehicle accident:

. . . .

(c) permanent disability. (emphasis added)

*See Pinell v. McCrary* (Colo.App. No. 91CA1365, Sept. 10, 1992); *Jorgensen v. Heinz* (Colo.App. No. 91CA1162, Aug. 13, 1992).

If, however, the alleged tortfeasor commits an intentional tort, as opposed to a negligent one, the threshold requirements set forth in § 10–4–714 do not apply. *See* § 10–4–715(1)(c), C.R.S. (1987 Repl.Vol. 4A); *Cingoranelli v. St. Paul Fire & Marine Insurance Co.*, 658 P.2d 863 (Colo. 1983) (fn. 6).

Here, plaintiff did not allege an intentional tort against either of the Dreilings. His claim against Toby was for negligence, and he also requested punitive damages in addition to actual damages. Plaintiff's claim against Steven was for the negligent entrustment of the vehicle to Toby.

A claim for punitive damages is not a separate and distinct cause of action; rather, it is auxiliary to an underlying claim. An award of punitive damages can be entered only after awarding damages in conjunction with an underlying and successful claim for actual damages. *Kirk v. Denver Publishing Co.*, 818 P.2d 262 (Colo. 1991).

Thus, although plaintiff was required to allege willful and wanton conduct by one defendant in order to support his request for punitive damages, we conclude that such an allegation does not convert plaintiff's negligence claim into an intentional tort within the meaning of § 10–4–715(1)(c) so as to free plaintiff from meeting the threshold requirements of § 10–4–714.

## II.

We also reject plaintiff's contention that the threshold requirement of § 10–4–714 is inapplicable to a claim for negligent entrustment.

Negligent entrustment is a part of the general law governing liability for negligence. *See Casebolt v. Cowan*, 829 P.2d 352 (Colo.1992); Restatement (Second) of Torts §§ 308 & 282 (1965). Accordingly, here, the plaintiff had to prove not only that Toby Dreiling committed a negligent or intentionally wrongful act, but also that Steven Dreiling himself was negligent in entrusting the vehicle to his son. Since the essence of the negligent entrustment action involved Steven Dreiling's negligence, and since the threshold requirements of § 10–4–714 are applicable to negligence actions, we conclude the threshold requirements are also applicable to claims for negligent entrustment.

Our conclusion is supported by the clear and plain language of § 10–4–714(1), which provides that:

*[N]o person ... shall be allowed to recover against an owner ... of a motor vehicle ... for damages for bodily injury caused by a motor vehicle accident [except under delineated circumstances].* (emphasis added)

Here, Steven Dreiling is being sued in his capacity as an owner of the vehicle. Accordingly, plaintiff was required to meet the threshold requirements of § 10–4–714 in order to maintain his negligent entrustment action against him.

## III.

Plaintiff next contends that a new trial is warranted because it is impossible to determine from the verdict form whether the jury found that plaintiff actually met the threshold requirements of § 10–4–714. We disagree that a new trial is warranted.

Importantly, here, the jury found Toby Dreiling's negligence was *not a cause* of plaintiff's injuries. Thus, although we recognize the problem with the verdict form submitted to the jury, we conclude that the jury's resolution of the threshold issue was irrelevant. Even if we were to conclude that the jury did find the threshold was met by plaintiff, its finding of no causation would defeat plaintiff's negligence claim against Toby Dreiling.

Likewise, since the jury concluded that Toby did not cause the plaintiff's injuries, his claim against Steven for negligent entrustment must also fail. *See Casebolt v.*

*Cowan, supra.* ("The rationale underlying ... negligent entrustment liability is that one has a duty not to supply a chattel to another who ... [causes] unreasonable risk of physical harm....").

### IV.

 Plaintiff also argues that defense counsel's inflammatory remarks during his opening statement and during trial denied plaintiff his right to a fair trial. We disagree.

Counsel's remark in his opening statement concerning plaintiff's delay in seeking medical treatment was consistent with the testimony of plaintiff himself and, thus, was not improper. His perjorative references to plaintiff's use of a certain expert were objectionable, but no prejudice was shown to result therefrom. Hence, we find no abuse of discretion in the court's denial of a new trial. *See Smartt v. Lamar Oil Co.,* 623 P.2d 73 (Colo.App.1980).

### V.

Finally, plaintiff contends that the trial court erred in denying his motion for a directed verdict on the issues of negligence and causation as to defendant Toby Dreiling because the only reasonable inference which can be drawn from the evidence was that Toby was negligent and such negligence caused plaintiff's injuries and damages. We disagree.

■ A trial court may grant a motion for a directed verdict only in the clearest of cases. *See Ogden v. McChesney,* 41 Colo. App. 191, 584 P.2d 636 (1978). In passing upon a motion for directed verdict, the trial court must view the evidence in the light most favorable to the party against whom the motion is directed, and every reasonable inference to be drawn from the evidence presented is to be considered in the light most favorable to that party. *Ricklin v. Smith,* 670 P.2d 1239 (Colo.App.1983).

■ Defendants' expert performed an independent medical examination of the plaintiff and testified that he did not find any evidence of any injury to plaintiff's back, he could not relate plaintiff's pain and discomfort to the automobile accident, and the only thing he could relate plaintiff's pain to was plaintiff's weight lifting activities. The expert also testified that, in his opinion, plaintiff did not have a disability as a result of the accident.

Although we agree the evidence did demonstrate Toby's negligence as a matter of law, in light of the defense expert's testimony as to the cause of plaintiff's injuries, the trial court did not err in denying plaintiff's motion for a directed verdict.

The judgment is affirmed.

SMITH and CRISWELL, JJ., concur.