Rose PEREZ, Plaintiff–Appellant,

v.

Arthur R. GROVERT, Defendant–Appellee.

No. 97CA0998.

Colorado Court of Appeals, Div. V.

July 23, 1998.

Law Office of Richard K. Blundell, Richard K. Blundell, Greeley, for Plaintiff–Appellant.

Zupkus & Ayd, P.C., Larry N. Harris, Greenwood Village, for Defendant–Appellee.

Opinion by Judge KAPELKE.

Plaintiff, Rose Perez, appeals the summary judgment entered against her and in favor of defendant, Arthur R. Grovert, on her claim of negligence.  We affirm.

Plaintiff alleged that while patronizing a beauty salon she sustained injuries when a floor vent gave way.  Defendant owned the premises but had leased them to Ted and Debbie Garcia who operated the salon.  The lease provided that the Garcias were responsible for keeping the improvements in good repair at their own expense.

Plaintiff filed this action against both defendant and the Garcias.  After plaintiff settled her claims against the Garcias, defendant named them as responsible non-parties under § 13–21–111.5, C.R.S.1997.

Thereafter, defendant moved for summary judgment arguing that, because the Garcias were entitled to exclusive possession of the premises under the lease and were responsible for maintaining the improvements, he did not owe a duty to plaintiff.  The trial court agreed and granted defendant's motion.  The court later denied plaintiff's motions for leave to file a supplemental affidavit and for relief under C.R.C.P. 59 and C.R.C.P. 60(b).

I.

Plaintiff first contends that the trial court erred by ruling on defendant's motion for summary judgment prematurely.  We perceive no error.

Plaintiff asserts that, at the time the trial court made its summary judgment ruling, defendant had failed to provide adequate disclosures and discovery responses.  She also stresses that the trial court had not ruled on

her pending motion for leave to file a supplemental affidavit.

■ In order to seek deferral of a ruling on defendant's summary judgment motion based upon the need for additional discovery, plaintiff was required to file an affidavit pursuant to C.R.C.P. 56(f). Since she did not file such an affidavit, the trial court acted properly in proceeding to rule on the summary judgment motion. *See Card v. Blakeslee,* 937 P.2d 846 (Colo.App.1996) (because no C.R.C.P. 56(f) affidavit was filed, trial court properly ruled on summary judgment motion, despite plaintiff's pending motion to compel discovery).

## II.

Plaintiff next contends that the trial court erred in concluding that defendant did not owe a duty to plaintiff in regard to the alleged dangerous condition of the premises. We disagree.

■ Under common law principles in effect in Colorado before the adoption of the premises liability statute, a lessor of property who had transferred control over the leased premises to a lessee generally owed no duty to third persons injured on the premises by a dangerous condition. *See Rian v. Imperial Municipal Services Group, Inc.,* 768 P.2d 1260 (Colo.App.1988); *Nuzum v. Rampart Embers, Inc.,* 487 P.2d 587 (Colo.App.1971) (not selected for official publication); *see also* Restatement (Second) of Torts §§ 355–356 (1965).

■ There are several exceptions to this general common law rule of non-liability of the lessor. For example, a lessor may owe a duty under some circumstances if the dangerous condition existed at the time possession was transferred. *See Baughman v. Cosler,* 169 Colo. 534, 459 P.2d 294 (1969); Restatement (Second) of Torts §§ 356–362 (1965). Here, however, plaintiff neither alleged nor established that the dangerous condition of the floor vent existed when the Garcias took possession in 1993.

■ Defendant could also be held liable to plaintiff if, after transferring possession, he failed to exercise reasonable care to perform a contract to repair the premises or was otherwise negligent in making repairs, *see*

*Davis v. Marr,* 160 Colo. 27, 413 P.2d 707 (1966); or if he retained control over the portion of the premises where the condition existed. *See* Restatement (Second) of Torts §§ 357, 360–362 (1965). Again, however, in responding to the motion for summary judgment, plaintiff failed to present any evidence that would trigger any of these exceptions to the common law rule.

■ Here, the Garcias were entitled to exclusive possession of the premises. *See Sundheim v. Board of County Commissioners,* 904 P.2d 1337 (Colo.App.1995), *aff'd,* 926 P.2d 545 (Colo.1996) (absent an agreement to the contrary, a tenant is entitled to the possession of the leased premises to the exclusion of the landlord). Plaintiff points to a provision in the lease stating that the Garcias were required to allow defendant to enter and view the premises at any reasonable hour of the day. However, a lessor's reservation of rights to inspect the premises is generally not a sufficient attribute of control to support imposition of tort liability on the lessor for injuries to the tenant or third parties. *University of Denver v. Whitlock,* 744 P.2d 54 (Colo.1987).

■ Finally, the Garcias were obligated under the lease to keep the premises in good repair at their own expense. Absent a retention of control or an agreement to maintain the premises, a landlord is not obligated to make repairs on leased premises, even if the premises are in a dangerous condition. *Ogden v. McChesney,* 41 Colo.App. 191, 584 P.2d 636 (1978).

■ Thus, under the case law which preceded the enactment of the premises liability statute, defendant would not owe a duty to plaintiff under these facts.

Plaintiff urges, however, that the General Assembly, in enacting the premises liability statute, changed the general common law rule described above. We conclude that such a change was neither made nor intended.

■ Under the premises liability statute, certain duties are imposed upon "landowners." The statute defines a "landowner" as "including, without limitation, an authorized agent or person in possession of real property and a person legally responsible for the condition of real property or for the activities

conducted or circumstances existing on real property." Section 13–21–115(1), C.R.S.1997.

A lessor, such as defendant here, who has transferred control of the premises to its lessee is no longer a "person in possession" of the real property. Further, it appears that the intent of the portion of the statutory definition referring to a person "legally responsible" for the condition of the real property or for activities on the property may well have been to incorporate the common law principles that governed such "legal responsibility."

As one observer has suggested, the statutory definition of "landowner" does not automatically make the holder of the title to the property a "landowner" for purposes of determining premises liability under the statute. *See* Noyes, *The Colorado Premises Liability Statute,* 25 Colo. Lawyer 71 (May 1996).

■ Further, we can discern no intention on the part of the General Assembly to expand the liability of a lessor in this regard. Indeed, the stated purposes of the statute suggest to the contrary. One of the express purposes is to "protect landowners from liability in some circumstances when they were *not* protected at common law." Section 13–21–115(1.5)(e), C.R.S.1997 (emphasis added). We therefore reject plaintiff's argued interpretation of the statute.

We thus conclude that, under the statute, as under common law, in the absence of proof as to one of the recognized exceptions, a lessor who has transferred possession and control over the leased premises to a lessee has no liability for injuries resulting from a dangerous condition of the premises.

Accordingly, because none of the exceptions was shown to be applicable here, the trial court properly determined as a matter of law that defendant did not owe a duty to plaintiff under the circumstances.

The judgment is affirmed.

MARQUEZ and ROTHENBERG, JJ., concur.