Lowell FLAMING and Teresa Flaming, Plaintiffs–Appellants,

v.

COLORADO SPRINGS PROPERTIES FUND I, a California Limited Partnership d/b/a Apollo Village Apartments, Ltd.; Merrill R. Newton and Darryl Miller, Defendants–Appellees.

Nos. 01–1089, 99–B–942.

United States Court of Appeals, Tenth Circuit.

April 17, 2002.

Before LUCERO, Circuit Judge, MURPHY, Circuit Judge, and ALLEY, Senior District Judge.*

ORDER AND JUDGMENT **

ALLEY, Senior District Judge.

Plaintiff–Appellants Lowell and Teresa Flaming appeal from the district court's grant of summary judgment to Defendants–Appellees Colorado Springs Properties Fund I, d/b/a Apollo Village Apartments ("Apollo"), Merrill Newton, and Darryl Miller (collectively "defendants"). In this diversity case, in which we have jurisdiction under 28 U.S.C § 1291, we reverse and remand for further proceedings.

*Background*

Lowell and Teresa Flaming leased an apartment in the Apollo Village apartment complex in Colorado Springs, Colorado. On June 2, 1997, Mr. Flaming slipped in the shower and fell, catching his left arm on the previously broken glass partition around the bathtub. He lacerated his left axilla and suffered scarring and nerve damage. Plaintiffs allege various theories of negligence against the apartment owner, the general partner of the owning partnership, Merrill Newton, and the maintenance supervisor, Darryl Miller.

---

\* The Honorable Wayne E. Alley, Senior District Judge, United States District Court for the Western District of Oklahoma, sitting by designation.

In response to Plaintiffs' allegations of negligence *per se,* premises liability/negligence, respondeat superior, and loss of consortium, Defendants filed a motion for summary judgment. Therein Defendants asserted they were not "landowners" under the provisions of the Colorado Premises Liability Statute, Colo.Rev.Stat. § 13-21-115 ("the Act"), because the Flamings' lease did not require Apollo to perform repairs and because Apollo did not maintain any control over the shower where Mr. Flaming was injured. If not "landowners," defendants argue, they have no applicable duty of care.

In response, the plaintiffs argued that, by virtue of the lease, Apollo did not divest itself of total control over their residence, relying on provisions of the lease permitting Apollo the right of entry for purpose of making repairs. Plaintiffs also pointed out from deposition evidence that Darryl Miller was employed for the very purpose of making repairs to apartments in the complex. The district court granted summary judgment concluding that Apollo did not retain control over the apartment and the lease did not obligate Apollo to make repairs to the Flaming residence.

## Discussion

We review a summary judgment decision de novo, applying the same legal standard used by the district court. *Deboard v. Sunshine Mining & Ref. Co.,* 208 F.3d 1228, 1237 (10th Cir.2000); *Penry v. Federal Home Loan Bank,* 155 F.3d 1257, 1261 (10th Cir.1998). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled a judgment as a matter of law." Fed.R.Civ.P. 56(c). An issue of fact is "genuine" if there is suffi-cient evidence so that a rational trier of fact could find for the non-movant. *Simms v. Okla. ex rel. Dep't of Mental Health & Substance Abuse Servs.,* 165 F.3d 1321, 1326 (10th Cir.1999). "An issue of fact is 'material' if, under the substantive law, it is essential to the proper disposition of the claim." *Adler v. Wal-Mart Stores, Inc.,* 144 F.3d 664, 670 (10th Cir. 1998). We examine the factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment. *Kaul v. Stephan,* 83 F.3d 1208, 1212 (10th Cir.1996). We review the court's denial of plaintiffs' motion to reconsider for an abuse of discretion. *See Herr v. Heiman,* 75 F.3d 1509, 1515 n. 1 (10th Cir.1996).

Colo.Rev.Stat. § 13-21-115 provides for premises liability by a landowner under certain circumstances depending on the court's characterization of the plaintiff as a trespasser, licensee, or invitee. *See* Colo. Rev.Stat. § 13-21-115(3) and (5). " 'Landowner' includes, without limitation, an authorized agent or a person in possession of real property and a person legally responsible for the condition of real property or for the activities conducted or circumstances existing on real property." Colo. Rev.Stat. § 13-21-115(1). As noted by one commentator, this statutory "definition does not automatically make the owner of a particular tract of land a 'landowner' with respect to that land." Terrance A. Noyes, *The Colorado Premises Liability Statute,* 25 Colo. Lawyer 71 (May 1996). The Flamings argue that although not all owners of land at all times are statutory landowners, the circumstances of their lease from Apollo are such that Apollo was a landowner at the time of Mr. Flaming's injury. Reasonable inferences can be drawn so that this is a genuine issue of material fact.

The evidence submitted by the Flamings in support of their position that Apollo was a landowner included the 1996 lease between the parties. The parties rely on two provisions in the lease, the second and ninth, in support of their respective positions. The second item of the lease, upon which Defendants rely, included the following language: "The Residents shall pay in advance a Deposit for Care . . . and which shall be refunded . . . if the Apartment is as clean and in good order and repair as when received, normal wear and tear excepted. . . . Apollo Village will deduct its expenses in restoring the Apartment. . . ." The ninth provision in the lease permits the manager or his agent "the right to enter the Apartment for reasonable reasons, repairs, and inspection."[1]

Unless a landlord retains control or agrees to make repairs, he is not liable to persons injured on the premises. *See Rian v. Imperial Municipal Servs. Grp., Inc.*, 768 P.2d 1260 (Colo.App.1988); *Ogden v. McChesney*, 41 Colo.App. 191, 584 P.2d 636, 637 (Colo.App.1978); *Perez v. Grovert*, 962 P.2d 996, 998 (Colo.App.1998); *University of Denver v. Whitlock*, 744 P.2d 54 (Colo.1987).[2] When a lessor surrenders control over property to a lessee, the lessor is no longer in possession of the property, which is required before a lessor will be considered a "landowner" under § 13–21–115(1). However, if a landlord retains control or enters into an agreement to maintain the leased premises, he may be held responsible to an injured party. *Ogden*, 584 P.2d at 637; *Perez*, 962 P.2d at 998. In this case the issue is whether Defendant Apollo retained sufficient control over the Flaming's residence so as to render it liable for failing to make repairs. Plaintiffs could avoid summary judgment on this particular issue if they could present sufficient evidence, including reasonable inferences, that Apollo assumed responsibility for making repairs to their residence.[3]

The evidence presented by Plaintiffs, considered in the light most favorable to the Plaintiffs, combined with the inferences that can be drawn from that evidence, could lead a reasonable jury to conclude that Apollo was a landowner of the Flaming's residence at the time of Mr. Flaming's injury. Apollo, by virtue of the lease, retained the right to enter the apartment for purposes of making repairs. However, a "lessor's reservation of right to inspect to the premises and make repairs is generally not sufficient control to give rise to liability of the lessor to the tenant or third parties for tort injuries." *Whitlock*, 744 P.2d at 62. In this case, the evidence is not limited to the lease. Although not strictly obligated by the lease to make repairs, Apollo did so in practice by retaining a maintenance supervisor. Darryl Miller, Apollo's mainte-

---

1. In their motion for summary judgment defendants relied upon the exculpatory clause in the eleventh provision of the lease as a basis for avoiding liability. The district court did not directly rely on the exculpatory provision in the lease in ruling in defendants' favor, although the court noted the existence of the provision. The district court never considered whether this exculpatory clause was void as against public policy. *See Stanley v. Creighton Co.*, 911 P.2d 705 (Colo.App.1996).

2. This general principle of common law is true under Colo.Rev.Stat. § 13–21–115.

3. There are additional exceptions to the general provision of non-liability; however, Plaintiffs do not allege that the glass in the enclosure was broken when they took possession or that Defendants were negligent in making repairs. *See Perez*, 962 P.2d at 998 (outlining exceptions to the common law and opining that the exceptions are still effective following enactment of Colo.Rev.Stat. § 13–31–115).

nance supervisor, testified that he routinely and regularly performed repairs for Apollo residents. Apollo has an established procedure by which tenants can, and do, request repairs to their units by Mr. Miller. Tenants orally communicate with the Apollo office about problems in their apartments. The mechanism for requesting repairs included procedures for documenting requests and for informing tenants that work had been completed. Office personnel complete a work order and provide Mr. Miller with two copies thereof. He retains one copy and leaves one with or for the resident upon completion of the work. For repairs requested after-hours, the resident telephones the office and speaks with the answering service. The answering service contacts Mr. Miller and he attends to the problem at the apartment. In emergencies a resident can get repairs done without generation of a work order, provided the repair indeed is an emergency and the tenant is able to locate Mr. Miller in the complex. Thus, even though the lease in this case, and in *Whitlock*, only contains a reservation of rights by the landlord to enter the property to make repairs, that does not mean that the Flamings will be unable to establish that Apollo retained control over the property through the history of interactions between Apollo and its tenants.[4]

"[A] summary judgment motion does not empower a court to act as the jury and ... choose between competing inferences." *Windon Third Oil and Gas v. Federal Deposit Ins.*, 805 F.2d 342, 346 (10th Cir. 1986). In drawing inferences, the jury is entitled to draw upon common sense and common knowledge about the way the world works. They are specifically entitled to consider whether the lessor would ever wash its hands of repair responsibility so completely as to permit a lessee to reroute plumbing, or redo wiring for example, or replace a broken piece of shower glass with the cheapest untempered product available.[5]

To avoid summary judgment, the non-movant is required to make a showing sufficient to establish an inference of the existence of each element essential to the case. *Hulsey v. Kmart, Inc.*, 43 F.3d 555, 557 (10th Cir.1994). In order to prevail on their premises liability claim, the Flamings will be required to convince a jury that Apollo was a landowner at the time of Mr. Flaming's injury.

The issue addressed today is preliminary to whether Apollo owed any particularized duty of care to the Plaintiffs. That issue is fact intensive. Nothing herein restricts the district court from separately analyzing whether the landlord did or did not owe a duty of care regarding shattered

4. The Court finds no basis in the summary judgment papers from which a jury could find the existence of an implied contract by Apollo to repair the Flamings' apartment, but this is immaterial to our conclusion that a jury could find a sufficient degree of control exercised by Apollo so as to constitute it a landowner.

5. Defendants contend that the Colorado Court of Appeals' decision in *Perez v. Grovert*, compels the conclusion that Apollo did not retain control over plaintiffs' apartment. *See* 962 P.2d 996 (Colo.Ct.App.1998). In *Perez*, a customer was injured on leased property when she fell into a heating vent. The injured customer sued the tenant and the landlord, arguing that the landlord was jointly responsible for the safety of the premises. The court concluded that the landlord was not responsible because, under the terms of its commercial lease, it retained no control over the premises. *Perez* differs from this case, however, in two crucial respects. First, the landlord reserved the right to enter the premises for purposes of inspection, not repair. Second, unlike the instant case, there was no evidence in *Perez* that the lessor created a system for making repairs, or actually made repairs, or retained any right to make repairs.

glass in this apartment's shower. *See University of Denver v. Whitlock*, 744 P.2d 54 (Colo.1987) (obliging a detailed examination of all the facts and circumstances surrounding the landlord-tenant relationship). With respect to the issue addressed herein, because a reasonable jury could infer from the evidence that Apollo retained control over repairs, summary judgment was inappropriate in favor of the Defendants on the basis that Colo.Rev. Stat. § 13–21–115 did not apply and the judgment of the district court is REVERSED.

Appellants raise an additional issue on appeal. The Flamings contend the district court erred in refusing to determine whether Plaintiffs were invitees or licensees under Colo.Rev.Stat. § 13–21–115(5). *See* Colo.Rev.Stat. § 13–21–115(4) ("In any action to which this section applies, the judge shall determine whether the plaintiff is a trespasser, a licensee, or an invitee. . . ."). The district court was not required to consider this issue in light of its ruling that the Act did not apply. This issue remains to be resolved on remand and therefore this Court will not address it.

Finally, Appellant's assert that the district court erred in failing to grant their motion to reconsider. In light of the determination that the district court erred in granting summary judgment to the Defendants, this issue is MOOT.

### Conclusion

The district court erred in concluding that the facts presented by Plaintiffs were insufficient to establish that Defendants were landowners under the Colorado premises liability statute. We therefore REVERSE and REMAND the grant of summary judgment to the Defendants.

---

\* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.