Nicholas LAVARATO, Plaintiff–Appellant,

v.

Scott BRANNEY, M.D., Defendant–Appellee.

No. 08CA1020.

Colorado Court of Appeals, Div. VII.

April 2, 2009.

Paulsen & Armitage, LLC, Randall J. Paulsen, Scott Armitage, Dennis B. Wanebo, Denver, Colorado, for Plaintiff–Appellant.

Kennedy Childs & Fogg, P.C., John R. Mann, Denver, Colorado, for Defendant–Appellee.

ORDER AFFIRMED

Opinion by Judge J. JONES.

Plaintiff, Nicholas Lavarato, appeals the district court's order granting defendant Dr. Scott Branney's motion to dismiss. We affirm because we conclude, as did the district court, that Mr. Lavarato's claim against Dr. Branney is barred by the applicable statute of limitations as a matter of law.

### I. Background

On September 27, 2007, Mr. Lavarato filed a complaint naming Dr. Vicki Mann as the sole defendant. As relevant here, the complaint alleged as follows:

- Mr. Lavarato went to St. Anthony North Hospital on August 26, 2005, complaining that he had experienced a "hypoglycemic episode" and had awoken that morning with extreme pain in his jaw.
- A radiograph (x-ray) was taken; Dr. Steven Ross read the radiograph; and Dr. Ross recommended that a "thin section CT scan" be performed.
- Dr. Mann performed a CT scan the same day, and diagnosed Mr. Lavarato as having "anterior bilateral mandibular dislocation but not bilateral fractures."

- In fact, Mr. Lavarato had such fractures, which two other doctors diagnosed on October 19, 2005.
- As a result of Dr. Mann's failure to diagnose the fractures, Mr. Lavarato's jaw healed improperly, and he subsequently had two surgeries in 2006 to reposition his jaw.

The complaint asserted a single claim of professional negligence against Dr. Mann.

On November 2, 2007, Mr. Lavarato moved for leave to file an amended complaint, asserting as grounds therefor only that "[i]t now appears that ... Dr. Branney ... should be joined as a party Defendant...." The court granted the motion the following day. The amended complaint retained the claim against Dr. Mann, but added a claim of professional negligence against Dr. Branney. It alleged that a panorex film was taken by Dr. Ross, that based on his review of this film he recommended a thin section CT scan, and that Dr. Branney, who treated Mr. Lavarato for bilateral mandibular dislocations, was negligent in failing to (1) obtain a thin section CT scan as recommended by Dr. Ross, (2) appropriately review Dr. Ross's panorex film report, and (3) recognize and diagnose Mr. Lavarato's bilateral mandibular fractures.

On December 17, 2007, Dr. Branney filed a motion to dismiss, contending that Mr. Lavarato's negligence claim against him was time-barred under section 13–80–102.5, C.R.S.2008. In response, Mr. Lavarato argued that although the statute of limitations had run before he filed the amended complaint, under C.R.C.P. 15(c) the amended complaint related back to the date he filed the complaint, which was within the limitations period. The district court granted Dr. Branney's motion to dismiss, concluding that the amendment to add Dr. Branney as a defendant did not relate back to the date the original complaint was filed. Mr. Lavarato appeals.

### II. Discussion

Mr. Lavarato contends, as he did in the district court, that his claim against Dr. Branney relates back to the date he filed the

complaint because, but for a mistake concerning the identity of the proper party, he would have named Dr. Branney in the complaint. Dr. Branney responds that the claim does not relate back because Mr. Lavarato failed to establish (1) that he made a mistake concerning Dr. Branney's identity as a proper party or (2) that Dr. Branney should have known that, but for such a mistake, Mr. Lavarato would have named him as a defendant in the complaint. We agree with Dr. Branney.

■ A motion to dismiss pursuant to C.R.C.P. 12(b)(5) tests the sufficiency of a claim. The court must accept all averments of material fact as true, and must view all of the allegations in the complaint in the light most favorable to the plaintiff. We review the district court's ruling on a Rule 12(b)(5) motion de novo. *Bedard v. Martin,* 100 P.3d 584, 588 (Colo.App.2004) (citing *Verrier v. Colo. Dep't of Corr.,* 77 P.3d 875, 877 (Colo. App.2003)).

■ Ordinarily, a defendant in a civil case may not raise the statute of limitations by means of a motion to dismiss under Rule 12(b)(5). *See Smith v. Kent Oil Co.,* 128 Colo. 80, 81, 261 P.2d 149, 150 (1953); *McIntire & Quiros of Colo., Inc. v. Westinghouse Credit Corp.,* 40 Colo.App. 398, 400, 576 P.2d 1026, 1026 (1978). "However, divisions of this court have recognized an exception 'where the bare allegations of the complaint reveal that the action was not brought within the required statutory period.'" *Wagner v. Grange Ins. Ass'n,* 166 P.3d 304, 307 (Colo. App.2007) (quoting in part *SMLL, L.L.C. v. Peak Nat'l Bank,* 111 P.3d 563, 564 (Colo. App.2005)); *see also, e.g., Harrison v. Pinnacol Assurance,* 107 P.3d 969, 971 (Colo.App. 2004); *Wasinger v. Reid,* 705 P.2d 533, 534 (Colo.App.1985).

Section 13–80–102.5 provides that an action for negligence against a health care professional must be brought within two years after it accrues. § 13–80–102.5(1). Here, Mr. Lavarato concedes that this two-year limitations period applies and that his claim against Dr. Branney accrued on October 19, 2005, more than two years before he asserted the claim. Thus, unless the claim relates back under Rule 15(c), it is time-barred.

■ Rule 15(c) sets forth three separate requirements that must be met for a claim in an amended complaint against a new party to relate back to the filing of the original complaint: (1) the claim must have arisen out of the same transaction or conduct set forth in the original complaint; (2) the new party must have received notice of the action within the period provided by law for commencing the action; and (3) the new party must have known or reasonably should have known that, "but for a mistake concerning the identity of the proper party, the action would have been brought against him." *See Dillingham v. Greeley Publ'g Co.,* 701 P.2d 27, 30 (Colo.1985); *Harris v. Reg'l Transp. Dist.,* 155 P.3d 583, 586 (Colo.App.2006); *Trigg v. State Farm Mut. Auto. Ins. Co.,* 129 P.3d 1099, 1102 (Colo.App.2005).

Dr. Branney concedes that the first requirement is met. Mr. Lavarato's claim against him arose out of the same conduct, transaction, or occurrence set forth in the original complaint—the diagnosis of the cause of his jaw pain. We need not decide whether the second requirement is met, however, because we conclude that the allegations of the complaint and the amended complaint clearly show that the third requirement is not met.

Prior to 1991, C.R.C.P. 15(c) and Fed. R.Civ.P. 15(c) were substantially identical. *See Lundy v. Adamar of New Jersey, Inc.,* 34 F.3d 1173, 1181 (3d Cir.1994) (discussing prior and amended versions of Fed.R.Civ.P. 15(c) ); *Dillingham,* 701 P.2d at 31 n. 6. Though Fed.R.Civ.P. 15(c) now differs somewhat from C.R.C.P. 15(c) in structure, it continues to allow for amendments changing parties to relate back only where "the party to be brought in by amendment . . . knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed.R.Civ.P. 15(c)(1)(C)(ii). Thus, in terms of the mistake in identity requirement, the Colorado and federal rules have contained substantially similar language for several decades, and we may therefore treat federal cases interpreting this part of the federal rule as persuasive in interpreting the corre-

sponding part of Rule 15(c). *See Pullen v. Walker*, —— P.3d ——, ——, 2008 WL 2372274 (Colo.App. No. 06CA2238, June 12, 2008); *Allen v. Martin*, 203 P.3d 546, 559 (Colo.App.2008); *State ex rel. Salazar v. General Steel Domestic Sales, LLC*, 129 P.3d 1047, 1049 (Colo.App.2005).

■■■ Rule 15(c) was promulgated to ease procedural problems when the statute of limitations poses a technical, not substantive, bar to maintaining suit. *Shepherd v. Wilhelm*, 41 Colo.App. 403, 405, 591 P.2d 1039, 1041 (1978) (citing *Archuleta v. Duffy's Inc.*, 471 F.2d 33 (10th Cir.1973)). Relation back is generally permitted in order to correct a misnomer where the proper party is already before the court and the effect is to merely correct the name under which the party is sued. *Worthington v. Wilson*, 8 F.3d 1253, 1256 (7th Cir.1993). Thus, Rule 15(c) is meant to allow changes only where they result from an error such as misnomer or misidentification. *Rendall–Speranza v. Nassim*, 107 F.3d 913, 918 (D.C.Cir.1997). Accordingly, a plaintiff's ignorance or misunderstanding about who is liable for her injury is not a "mistake" as to the defendant's identity. *Hall v. Norfolk Southern Ry. Co.*, 469 F.3d 590, 596 (7th Cir.2006); *Wayne v. Jarvis*, 197 F.3d 1098, 1103 (11th Cir.1999), *overruled on other grounds by Manders v. Lee*, 338 F.3d 1304 (11th Cir.2003) (en banc); *Rendall–Speranza*, 107 F.3d at 918–19; *Worthington*, 8 F.3d at 1256.

■■■ A plaintiff is responsible for determining who is liable for her injury and for doing so before the statute of limitations expires. *Rendall–Speranza*, 107 F.3d at 919; *see Sulca v. Allstate Ins. Co.*, 77 P.3d 897, 900 (Colo.App.2003); *Kohler v. Germain Inv. Co.*, 934 P.2d 867, 869 (Colo.App.1996) (fact that various parties may be liable for an injury does not excuse a plaintiff from his statutory obligation to exercise reasonable diligence in determining the responsible party). If a plaintiff later discovers another person may be liable, he may not avoid the consequences of an earlier oversight by invoking the relation back rule. *Rendall–Speranza*, 107 F.3d at 919. Thus, by waiting until the eve of the expiration of the statute of limitations to bring an action, a party, by

his own conduct, may thwart his ability to timely name an appropriate party. *Currier v. Sutherland* —— P.3d ——, ——, 2008 WL 2372067 (Colo.App. No. 07CA1263, June 12, 2008) (*cert. granted* Dec. 2, 2008) (citing *Brown v. Teitelbaum*, 830 P.2d 1081, 1084 (Colo.App.1991)).

Here, Mr. Lavarato asserts only that he was unaware that he had a claim against Dr. Branney until after he filed the original complaint. He did not misname Dr. Branney or mistake his identity in the original complaint.

Furthermore, neither the original complaint nor the amended complaint gave Dr. Branney any reason to believe that, but for a mistake in identity, he would have been named as a defendant. The complaint plainly asserted a basis for a claim against Dr. Mann, as does the amended complaint. And, the complaint identified other doctors involved in the diagnosis and treatment of Mr. Lavarato's condition. There was no reason for Dr. Branney to have believed that Mr. Lavarato did anything other than make a deliberate choice to sue one potential defendant, but not others, in initially suing only Dr. Mann. For this reason as well, the third requirement of Rule 15(c) is not met. *See, e.g., Rendall–Speranza*, 107 F.3d at 918; *Lundy*, 34 F.3d at 1183; *Lovelace v. O'Hara*, 985 F.2d 847, 850–51 (6th Cir.1993); *Hernandez Jimenez v. Calero Toledo*, 604 F.2d 99, 103 (1st Cir.1979).

Mr. Lavarato's reliance on *Dillingham* is misplaced. The plaintiff in *Dillingham* filed a complaint against a corporation that had since been dissolved, intending to sue the owner of a newspaper. 701 P.2d at 31. Upon discovering that the named corporation had sold the newspaper, and that there was therefore a misnomer of the corporate defendant, the plaintiff moved to amend his complaint to substitute the correct corporate defendant. *Id.* The supreme court concluded that the plaintiff had shown a mistake as to the identity of the corporation/owner, and held that the district court should have granted the plaintiff's motion to amend. *Id. Dillingham*, therefore, unlike this case, involved the substitution of the correctly named defendant for a misnamed defendant,

and not the proposed *addition* of a defendant.

The order is affirmed.

Judge RUSSEL and Judge GABRIEL concur.