The summaries of the Colorado Court of Appeals published opinions
constitute no part of the opinion of the division but have been prepared by
the division for the convenience of the reader.  The summaries may not be
cited or relied upon as they are not the official language of the division.
Any discrepancy between the language in the summary and in the opinion
should be resolved in favor of the language in the opinion.

SUMMARY
February 06, 2020

## 2020COA22

**No. 19CA0033, *Ruiz v. Chappell* — Civil Procedure — Amended
and Supplemental Pleadings — Relation Back of Amendments**

Disagreeing with *Lavarato v. Branney*, 210 P.3d 485 (Colo.

App. 2009), a division of the court of appeals adopts instead the

rationale of *Krupski v. Costa Crociere S.p.A.*, 560 U.S. 538 (2010),

for determining whether an amended complaint relates back to the

filing of the original complaint under C.R.C.P. 15(c).  The division

reverses and remands the case for the district court to apply that

rationale.  On remand, the court must determine whether the newly

named defendant knew or should have known that, if it were not for

a mistake, the action would have been brought against her, and

whether she received such notice of the commencement of the

action that she will not be prejudiced in maintaining a defense on

the merits to the action. If those criteria are met, the court must reinstate the complaint against the newly named defendant.

Court of Appeals No. 19CA0033
Larimer County District Court No. 17CV31098
Honorable Gregory M. Lammons, Judge

Marissa Ruiz,

Plaintiff-Appellant,

v.

Rachel L. Chappell,

Defendant-Appellee.

JUDGMENT REVERSED AND CASE
REMANDED WITH DIRECTIONS

Division II
Opinion by JUDGE TERRY
Webb and Tow, JJ., concur

Announced February 6, 2020

Mintz Law Firm, LLC, Robin E. Scully, Lakewood, Colorado, for Plaintiff-Appellant

Murphy & Decker, P.C., Daniel P. Murphy, David R. Anderson, Denver, Colorado, for Defendant-Appellee

¶ 1     In this premises liability suit, plaintiff, Marissa Ruiz, alleged that she sustained injuries after she slipped and fell on ice on a walkway outside a 7-Eleven store.  She appeals the district court's order, which granted summary judgment for defendant, Rachel L. Chappell, on the basis that the statute of limitations had run on Ruiz's claim.

¶ 2     Ruiz had originally sued only 7-Eleven, Inc., and spent months negotiating with that company.  But the record strongly suggests that she learned from the company's motion for summary judgment — filed after the statute of limitations had expired — that 7-Eleven had a franchise agreement with Chappell that made Chappell, as franchisee, solely responsible for maintaining the walkway outside the store.  After the court granted summary judgment for 7-Eleven, Ruiz amended her complaint, naming Chappell as the sole defendant.  In granting Chappell summary judgment on the amended complaint as time barred, the district court applied the rationale of *Lavarato v. Branney*, 210 P.3d 485 (Colo. App. 2009), and ruled that Ruiz's amended complaint naming Chappell did not relate back to the filing of her original complaint under C.R.C.P. 15(c).

¶ 3     We conclude that the court should have instead applied the rationale of the United States Supreme Court in *Krupski v. Costa Crociere S.p.A.*, 560 U.S. 538 (2010).  That case addressed Fed. R. Civ. P. 15(c), the pertinent portion of which — though it contains slightly different wording — is functionally identical to the corresponding part of C.R.C.P. 15(c).  Under the Supreme Court's rationale, the district court here should have looked at whether the proposed new defendant — Chappell — knew or should have known that, but for a mistake, the suit would have been brought against her.  As a result, we reverse and remand for further proceedings.

## I.     Background

¶ 4     After Ruiz's negotiations with 7-Eleven broke down, she filed a complaint against the company under the Colorado Premises Liability Act (PLA).  7-Eleven's summary judgment motion argued that it was not a landowner under the PLA because its franchise agreement allocated the responsibility for walkway maintenance to Chappell.  In entering summary judgment, the court reasoned that because 7-Eleven did not have possession or control of the property, it was not liable under the PLA.  Ruiz does not appeal this ruling.

¶ 5    Ruiz then filed an amended complaint naming Chappell as defendant, but Chappell moved to dismiss the action as time barred.  The court converted Chappell's motion to dismiss to a motion for summary judgment, which it granted, concluding that Ruiz's amended complaint did not relate back to the date of the original complaint's filing.  This is the judgment that concerns us now.

¶ 6    Relying on *Lavarato*, the court said that this case does not involve "a simple misnomer or misidentification," and concluded that Ruiz had not made a mistake that would allow her amended complaint to relate back to her original complaint under C.R.C.P. 15(c).  The court said that it appeared that after she had initiated her action against 7-Eleven, Ruiz discovered that another person might be liable for her injuries.

## II.    Preservation and Standard of Review

¶ 7    Ruiz preserved the argument she now raises on appeal when she contended in the district court that, as applied to these facts, *Lavarato* could no longer be considered persuasive authority in light of the Supreme Court's *Krupski* decision.

¶ 8    Summary judgment is a drastic remedy and should only be granted when the pleadings and supporting documentation demonstrate that no genuine issue as to any material fact exists and the moving party is entitled to judgment as a matter of law. *West Elk Ranch, L.L.C. v. United States*, 65 P.3d 479, 481 (Colo. 2002).  We review the grant of summary judgment de novo.  *Id.*  The nonmoving party receives the benefit of all favorable inferences from the undisputed facts, and all doubts as to the existence of a triable issue of fact are resolved against the moving party.  *Id.*

### III.    Analysis

### A.    We Adopt *Krupski*'s Rationale

¶ 9    Three requirements must be met for a claim in an amended complaint against a new party to relate back to the filing of the original complaint under C.R.C.P. 15(c):  (1) the claim must have arisen out of the same conduct, transaction, or occurrence set forth in the original complaint;  (2) the party to be brought in by amendment received such notice of the institution of the action that she will not be prejudiced in maintaining her defense on the merits; and (3) the party to be brought in by amendment knew or should have known that, but for a mistake concerning the identity of the

proper party, the action would have been brought against her. C.R.C.P. 15(c); *see also Lavarato*, 210 P.3d at 488.

¶ 10     Our Colorado Rule 15(c) is consistent with Fed. R. Civ. P. 15(c).  Because our rule has substantially similar language to the federal rule, we consider federal cases interpreting the mistake-in-identity portion of the federal rule as persuasive in interpreting the corresponding part of our rule.  *See Lavarato*, 210 P.3d at 488-89.

¶ 11     We view the Supreme Court's unanimous *Krupski* decision as well reasoned and influential in interpreting our own Rule 15(c).  There, plaintiff Krupski filed a negligence complaint against Costa Cruise Lines for injuries she suffered on a cruise ship.  *Krupski*, 560 U.S. at 543.  After the statute of limitations had run, Krupski was made aware that Costa Crociere was the proper defendant, and she amended the complaint to add that entity as a party.  *Id.* at 543-44.

¶ 12     The Supreme Court reversed the summary judgment that had been entered against Krupski, reasoning that the relevant question under Fed. R. Civ. P. 15(c) is whether the proper entity knew or should have known that it would have been named as a defendant but for an error.  *Id.* at 548.

¶ 13    Therefore, the district court here had to determine whether Chappell knew or should have known that, absent some mistake, the action would have been brought against her.  *Id.* at 548-49.

¶ 14    As *Krupski* instructs, the district court should have first determined whether Ruiz made a deliberate choice to sue 7-Eleven rather than Chappell, while fully understanding the respective roles of the two.  "[M]aking a deliberate choice to sue one party instead of another while fully understanding the factual and legal differences between the two parties is the antithesis of making a mistake concerning the proper party's identity."  *Id.* at 549.  If she did make such a deliberate choice, then judgment would have been properly entered against Ruiz.

¶ 15    But if Ruiz did not make such a deliberate choice, then the court had to determine whether Chappell knew or should have known that, if it were not for a mistake, Ruiz's action would have been brought against Chappell.  And if the court were to find that Chappell did know, or should have known, that she would have been sued but for a mistake, then the court must determine whether Chappell received such notice of the commencement of the

action that she will not be prejudiced in maintaining a defense on the merits of the action. *See* C.R.C.P. 15(c)(2).

¶ 16    We reject Chappell's contention that because Ruiz did not know Chappell's identity when she filed her original complaint, *Krupski* does not apply to her case and she is precluded from claiming that she made a "mistake" regarding the proper defendant's identity.

¶ 17    The *Krupski* Court addressed the issue of a plaintiff's knowledge. The trial court in *Krupski* had concluded that because the plaintiff either knew or should have known of the proper party's identity, she had made a deliberate choice instead of a mistake in not naming Costa Crociere as a party. 560 U.S. at 548. The Supreme Court rejected that notion, stating that by focusing on the plaintiff's knowledge, the court "chose the wrong starting point." *Id.* Instead, the focus is on whether the proposed new defendant knew or should have known that, "but for an error," the suit would have been brought against the new defendant. *Id.* The Court further explained that "[i]nformation in the plaintiff's possession is relevant only if it bears on the *defendant's* understanding of whether the

plaintiff made a mistake regarding the proper party's identity." *Id.* (Emphasis added.)

¶ 18    We are persuaded by the Court's reasoning in *Krupski* because the language of Rule 15(c) focuses the inquiry on the proposed new defendant's knowledge, not the plaintiff's knowledge. We therefore conclude that Ruiz's lack of knowledge of the proper defendant's identity would not preclude a finding of mistake that might allow her claim to proceed.

## B.    "John Doe" Cases

¶ 19    In discussing knowledge of the proper party's identity, Chappell cites a number of so-called "John Doe" cases, in which the plaintiff lacked knowledge of the name of the intended defendant, naming him as a party in the complaint under a fictitious name such as "John Doe." In those cases, the majority of the federal circuit courts, including the Tenth Circuit, have held that where a plaintiff lacked knowledge of the intended defendant's identity and failed to name him as a party in the complaint, naming him instead as "John Doe," the plaintiff did not make a "mistake concerning the proper party's identity" within the meaning of Fed. R. Civ. P. 15(c). *See Garrett v. Fleming*, 362 F.3d 692, 696 (10th Cir. 2004); *see also*

*Heglund v. Aitkin County*, 871 F.3d 572 (8th Cir. 2017); *Smith v. City of Akron*, 476 F. App'x 67, 69 (6th Cir. 2012); *Wayne v. Jarvis*, 197 F.3d 1098, 1103 (11th Cir. 1999), *overruled in part on other grounds by Manders v. Lee*, 338 F.3d 1304 (11th Cir. 2003) (en banc); *Jacobsen v. Osborne*, 133 F.3d 315, 320-21 (5th Cir. 1998); *Barrow v. Wethersfield Police Dep't*, 66 F.3d 466, 468-70 (2d Cir. 1995), *modified*, 74 F.3d 1366 (2d Cir. 1996); *Worthington v. Wilson*, 8 F.3d 1253, 1256-57 (7th Cir. 1993). *But see Varlack v. SWC Caribbean, Inc.*, 550 F.2d 171, 175 (3d Cir. 1977) (concluding that the plaintiff could amend the complaint to name a defendant who was initially unnamed where the defendant testified that he knew that the complaint referred to him).

¶ 20     But those cases are inapposite to our facts.  In the "John Doe" cases, the plaintiffs did not know the proper defendant's identity and intentionally failed to give the defendant's true name in the complaint.  The intentional misnaming of a party is by definition not a "mistake."  *See Ceara v. Deacon*, 916 F.3d 208, 213 (2d Cir. 2019) (distinguishing *Krupski* — where the plaintiff made a mistake because she misunderstood crucial facts regarding the two companies' identities — from "John Doe" cases where the plaintiff is

9

unaware of the defendant's true identity); *Heglund*, 871 F.3d at 579-80 (highlighting that a "mistake" involves inadvertence or an unintentional error through lack of understanding, whereas "John Doe" cases involve an intentional misidentification).

¶ 21　　The "John Doe" cases, therefore, do not affect our ruling.

### C.　*Lavarato*

¶ 22　　The district court was, of course, bound to apply *Lavarato*. *See* C.A.R. 35(e).  In adopting the *Krupski* Court's rationale, rather than *Lavarato*'s, we do not intend to criticize the ultimate holding of the division in that case.  The facts of *Lavarato* are distinguishable from those in this case.

¶ 23　　In *Lavarato*, the plaintiff filed a professional negligence complaint naming a doctor — Dr. Mann — as the sole defendant. 210 P.3d at 487.  After the statute of limitations had expired, the plaintiff amended his complaint to *add* a second doctor as a defendant — Dr. Branney — for *separate conduct* than that alleged against Dr. Mann.  *Id.*  The plaintiff said that he was unaware that he had a claim against Dr. Branney until after he had filed the original complaint.  *Id.* at 489.

¶ 24    On appeal, the division affirmed the district court's dismissal of the plaintiff's action, concluding that the amended complaint did not relate back to the original complaint because the plaintiff failed to meet the mistake requirement. *Id.* The division relied on federal case law interpreting Fed. R. Civ. P. 15(c) in holding that a plaintiff's ignorance or misunderstanding about who is liable for her injury is not a "mistake" as to the defendant's identity. *Id.*

¶ 25    The division reasoned that the rule generally permits relation back in order to correct a misnomer where the proper party is already before the court and the effect is to merely correct the name under which the party is sued, and thus, the rule is meant to allow changes only where they result from an error such as misnomer or misidentification. *Id.* The division noted that "[a] plaintiff is responsible for determining who is liable for her injury and for doing so before the statute of limitations expires." *Id.* And the division concluded that, because Dr. Branney had no reason to believe that the plaintiff did anything other than make a deliberate choice to sue one potential defendant, but not others, he could not have known that but for a mistake in identity, the action was

intended to be brought against him.  The plaintiff thus could not meet the tests of Rule 15(c).

¶ 26     *Lavarato* distinguished its holding from our supreme court's decision in *Dillingham v. Greeley Publishing Co.*, 701 P.2d 27 (Colo. 1985).  In *Dillingham*, the plaintiff had filed a complaint against a corporation that had since been dissolved, intending to sue the owner of a newspaper.  *Id.* at 31.  When the plaintiff discovered that the named corporation had sold the newspaper, he moved to amend his complaint to substitute the correct corporate defendant.  *Id.* The supreme court concluded that the plaintiff had shown a mistake as to the identity of the corporation and held that the district court should have granted the plaintiff's motion to amend. *Id.*

¶ 27     *Lavarato* noted that, unlike in Lavarato's case, *Dillingham* "involved the substitution of the correctly named defendant for a misnamed defendant, and not the proposed *addition* of a defendant."  *Lavarato*, 210 P.3d at 489-90.

¶ 28     The *Lavarato* division said:

> Here, Mr. Lavarato asserts only that he was unaware that he had a claim against Dr. Branney until after he filed the original

complaint. He did not misname Dr. Branney or mistake his identity in the original complaint.

Furthermore, neither the original complaint nor the amended complaint gave Dr. Branney any reason to believe that, but for a mistake in identity, he would have been named as a defendant. The complaint plainly asserted a basis for a claim against Dr. Mann, as does the amended complaint. And, the complaint identified other doctors involved in the diagnosis and treatment of Mr. Lavarato's condition. There was no reason for Dr. Branney to have believed that Mr. Lavarato did anything other than make a deliberate choice to sue one potential defendant, but not others, in initially suing only Dr. Mann. For this reason as well, the third requirement of Rule 15(c) is not met.

*Id.* at 489.

¶ 29    Unlike this case, *Lavarato* involved a plaintiff who, only after the expiration of the statute of limitations, discovered that he had failed to name a second defendant against whom he *also* wanted to assert a claim, based on different actions and responsibilities than those of the doctor whom he had originally sued.

¶ 30    Ruiz's pleadings, however, show that she intended to bring her claim against the party responsible for maintaining the safety of the walkway outside the store, and appears to have initially believed

13

that party was 7-Eleven.  These circumstances make this case

similar to *Dillingham*, where the plaintiff substituted defendants.

*See Dillingham*, 701 P.2d at 31.

¶ 31    *Lavarato* is also different from *Krupski* in that the *Lavarato*

division said that Dr. Branney had no reason to know that he would

be named a defendant but for the plaintiff's mistake.  210 P.3d at

489.  We therefore see no fundamental disagreement between our

holding and *Lavarato*'s.

¶ 32    But we disagree with *Lavarato*'s statement that a plaintiff's

"ignorance or misunderstanding about who is liable for her injury is

not a 'mistake' as to the defendant's identity."  210 P.3d at 489.

This statement is inconsistent with *Krupski, see* 560 U.S. at 548

(focus is on the proposed new defendant's knowledge, not on the

plaintiff's knowledge), and we are persuaded instead by the

Supreme Court's analysis on this point.  *See Warne v. Hall*, 2016

CO 50, ¶ 17 (recognizing benefit in interpreting similar state and

federal procedural rules in a similar way).

IV.   Conclusion

¶ 33    The judgment is reversed, and the case is remanded to the

district court for further proceedings.  On remand, the court must

first determine whether Ruiz made a deliberate choice to sue 7-Eleven rather than Chappell, while fully understanding the respective roles of the two; if that is the case, then that is the "antithesis of making a mistake concerning the proper party's identity," *Krupski,* 560 U.S. at 549, and the court must re-enter summary judgment for Chappell.

¶ 34    If that is not the case, then the court must determine whether, within the period provided by law for commencing the action under C.R.C.P. 4(m):

- Chappell knew or should have known that, if it were not for a mistake, Ruiz's action would have been brought against Chappell, *see* C.R.C.P. 15(c)(2); and

- Chappell received such notice of the commencement of the action that she will not be prejudiced in maintaining a defense on the merits to the action, *see* C.R.C.P. 15(c)(1).

If the court determines that Chappell had such knowledge and will not be prejudiced by Ruiz's delay, the court must reinstate Ruiz's complaint against Chappell.  If there are disputed issues of material facts on these matters, the court must allow limited discovery and a

15

hearing on these issues before deciding whether to reinstate the complaint.

JUDGE WEBB and JUDGE TOW concur.