25CA0782 Franklin v State of Colorado 05-21-2026

COLORADO COURT OF APPEALS

---

Court of Appeals No. 25CA0782
City and County of Denver District Court No. 24CV620
Honorable Sarah B. Wallace, Judge

---

Sara Franklin,

Plaintiff-Appellant,

v.

State of Colorado and Douglas County District Court,

Defendants-Appellees.

---

JUDGMENT AFFIRMED

Division II
Opinion by JUDGE BROWN
Harris and Tow, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced May 21, 2026

---

Sara Franklin, Pro Se

Philip J. Weiser, Attorney General, Dmitry B. Vilner, Senior Assistant Attorney General, Denver, Colorado, for Defendants-Appellees

¶ 1 Plaintiff, Sara Franklin, appeals the district court's order granting the motion to dismiss filed by defendants, the State of Colorado and the Douglas County District Court (collectively, the State defendants). We affirm.

## I. Background

¶ 2 In April 2012, Franklin petitioned to dissolve her marriage to her now ex-husband in Douglas County District Court Case No. 12DR455. Almost two months later, Franklin's ex-husband filed for a civil protection order against her, requesting protection for himself and their two children. After an ex parte hearing, the Douglas County District Court (the dissolution court) issued a temporary civil protection order and set the matter for a permanent protection order hearing. A few days later, the ex-husband filed a motion to restrict Franklin's parenting time. Two days before the permanent protection order hearing, Franklin also filed for a civil protection order against her ex-husband.

¶ 3 On June 6, the dissolution court held a combined hearing on the parties' competing motions for civil protection orders and the ex-husband's motion to restrict Franklin's parenting time. The dissolution court denied Franklin's motion for a civil protection

1

order, made her ex-husband's temporary civil protection order permanent (the PPO), and restricted her parenting time.

¶ 4    In April 2014, the dissolution court entered written permanent orders dissolving the parties' marriage. As relevant, the dissolution court ordered that Franklin's ex-husband would have "sole custody and full decision-making responsibility" for the children but that Franklin was entitled to supervised visitation. The court also granted the ex-husband discretion to allow telephone or electronic communication between the children and Franklin.

¶ 5    In August 2024, Franklin filed a complaint in Denver District Court (the district court) asserting eight claims:

(1)    Title 13, article 14, of the Colorado Revised Statutes, providing the statutory framework for civil protection orders, is "unconstitutional in its "'*indefinite*' lifespan allowance" under *United States v. Rahimi*, 602 U.S. 680 (2024), which, according to Franklin, held "that States' laws do not violate the federal U.S. Second Amendment so long as disarmament is *temporary.*"

(2)    Title 13, article 14, is unconstitutional "because it *exclusively* severed the Parent-Child Relationship BOTH

in *actuality* and/or *constructively* on the lowest evidentiary standard — Preponderance of the Evidence" in violation of *Santosky v. Kramer*, 455 U.S. 745 (1982), which, according to Franklin, held "that States' law violate[] the federal U.S. Fourteenth Amendment Due Process protections when State actions are not at least supported by the *Clear and Convincing* evidentiary standard prior to completely and irrevocably severing biological parental rights."

(3)     Section 24-34-805(2)(d)(I), C.R.S. 2025, requiring compliance with the Americans with Disabilities Act in title 14 cases, is unconstitutional because "it *exclusively* sever[ed] the Parent-Child Relationship BOTH in *actuality* and/or *constructively* on the lowest evidentiary standard — Preponderance of the Evidence" in violation of *Santosky*.

(4)     Section 13-14-108, C.R.S. 2025, regarding modification and termination of permanent civil protection orders, "violates *substantive Due Process* protections in that it *exclusively* severed the Parent-Child Relationship BOTH

3

in *actuality* and/or *constructively* via *indefinitely* allowing Filings only every [two] years" and "requiring [Franklin] to perform a fingerprint-based criminal history record check *prior* to any Court consideration . . . in direct contravention to the foundational legal principle of *innocent until proven guilty*."

(5) Title 13, article 14, violates "the federal U.S. Fourteenth Amendment *procedural Due Process Clause* protections because [Franklin] has a cognizable *liberty* interest in her Biological Parent-Child Relationship existence AND the [State defendants] deprived [Franklin of] her *liberty* interest . . . without an appropriate level of process or procedural safeguards."

(6) Title 13, article 14, violates "the federal U.S. Fourteenth Amendment *substantive Due Process Clause* protections" because Franklin "has a *fundamental right to raise and be in relation with her biological children* in a Biological Parent-Child Relationship AND the [State defendants] deprived [Franklin of] her *fundamental right* . . .

arbitrarily, capriciously, and without a rational basis so egregiously that is sincerely shocks the conscious."

(7) Title 13, article 14, is unconstitutional, "resulting in involuntarily unconstitutional termination of the Parent-Child Relationship resulting in *Loss of Consortium* between [Franklin] and her beloved marital, minor children," when (i) the State defendants "were *Negligent* in terminating the Parent-Child Relationship completely"; (ii) Franklin "sustained injuries resulting from" the State defendants' negligence; (iii) Franklin "had a strong Parent-Child Relationship up to and when the [State defendants] illegally and unconstitutionally terminated" that relationship through the entry of the PPO; and (iv) Franklin, "[a]s a direct result . . . , has lost all rights of consortium with [the children], manifested currently in absolute parental alienation through continued abuse and [the] unjustified, *indefinite*" PPO.

(8) Title 13, article 14, is unconstitutional, "resulting in involuntarily unconstitutional termination of the Parent-Child Relationship resulting in *Negligent Infliction*

5

*of Emotional Distress*," when (i) the State defendants "were *Negligent* in terminating the Parent-Child Relationship"; (ii) the State defendants' negligence "created an *unreasonable risk of physical harm* to [Franklin]" while she was suffering from pre-existing medical conditions and post-traumatic stress disorder (PTSD); (iii) the State defendants' negligence "caused [Franklin] to be put in fear for her own safety and such fear is shown by physical consequences and long continued causal emotional PTSD recurrences"; and (iv) that "fear has caused injuries, damages, and losses."[1]

¶ 6    Franklin asked the district court to (1) declare title 13, article 14, unconstitutional, with "enforcement cessation" and "[r]ecord

---

[1] Franklin's seventh and eighth claims, and possibly her sixth claim, appear to be tort claims. In their motion to dismiss, the State defendants characterized these claims as 42 U.S.C. § 1983 claims. Section 1983 "authorizes a private right of action against a person 'who, under color of any statute . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws.'" *Woodall v. Godfrey*, 2024 COA 42, ¶ 13 (quoting § 1983). Franklin did not contest this characterization of her claims, and the district court adopted it. Because Franklin does not challenge this characterization on appeal, we also treat these claims as § 1983 claims.

expungement"; and (2) remove the "yolk" of the PPO to allow Franklin "expeditious, unencumbered reintegration back into" her children's lives.  Franklin also requested compensatory damages, general damages, punitive or exemplary damages, nominal damages, incidental damages, and consequential damages.

¶ 7     As factual support for her claims, Franklin detailed the procedural history of Douglas County District Court Case No. 12DR455 and referenced the PPO and the permanent orders entered by the dissolution court.  Franklin also attached the permanent orders to her complaint.

¶ 8     The State defendants moved to dismiss Franklin's complaint under C.R.C.P. 12(b)(1), asserting that the district court did not have subject matter jurisdiction to entertain a collateral attack on the PPO or permanent orders entered by the dissolution court and that the dissolution court retained exclusive jurisdiction.  The State defendants also moved to dismiss under C.R.C.P. 12(b)(5) for failure to state a claim because Franklin (1) filed her claims outside the applicable two-year statutes of limitation and (2) was not entitled to § 1983 damages against the State or the dissolution court.

¶ 9     The district court granted the motion to dismiss. The district

court first noted that "Franklin's claims revolve[d] around the PPO

issued by [the dissolution court] in 2012." It then determined that,

to the extent Franklin's complaint sought to collaterally attack the

PPO, the district court lacked jurisdiction because (1) the

dissolution court issued the PPO and retained jurisdiction over the

matter, and (2) the district court lacked authority to review orders

from a court of coordinate jurisdiction. The district court also

concluded that Franklin's constitutional claims were as-applied

challenges[2] subject to a two-year statute of limitations, which began

to run when the PPO was entered in 2012. Finally, the district

court concluded that Franklin was not entitled to damages under

§ 1983 because the State and the dissolution court, as an arm of

---

[2] A facial challenge to the constitutionality of a statute asserts that "no conceivable set of circumstances exists under which it may be applied in a permissible manner." *Danielson v. Dennis*, 139 P.3d 688, 691 (Colo. 2006). In contrast, "an as-applied challenge tests the application of [a] restriction to the facts of a plaintiff's concrete case." *Harmon v. City of Norman*, 61 F.4th 779, 789 (10th Cir. 2023) (citation omitted). Because Franklin asserts that the applicable statutes are unconstitutional only as enforced against her, we agree with the district court that they are, at best, as-applied constitutional challenges. Franklin does not contend otherwise on appeal.

the State, were shielded from liability for monetary damages by the Eleventh Amendment. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66-67 (1989) (holding that states are not considered "persons" under § 1983 and that § 1983 was not intended to override states' Eleventh Amendment immunity). Franklin appeals.

## II.  Standard of Review

¶ 10    We review a trial court's order dismissing a complaint for lack of subject matter jurisdiction under C.R.C.P. 12(b)(1) as a mixed question of fact and law, reviewing the court's factual findings for clear error and its legal conclusions de novo. *See Ferguson v. Spalding Rehab., LLC*, 2019 COA 93, ¶ 7. When, as here, "all relevant evidence is presented to the trial court, and the underlying facts are undisputed, the trial court may decide the jurisdictional issue as a matter of law, in which case appellate review is *de novo*." *Medina v. State*, 35 P.3d 443, 452 (Colo. 2001).

¶ 11    We also review de novo a trial court's ruling on a C.R.C.P. 12(b)(5) motion to dismiss. *Hess v. Hobart*, 2020 COA 139M2, ¶ 11. A motion to dismiss under C.R.C.P. 12(b)(5) for failure to state a claim upon which relief can be granted tests the formal sufficiency of the complaint. *Lavarato v. Branney*, 210 P.3d 485, 488 (Colo.

9

App. 2009).  To survive such a motion, "a plaintiff must state a claim for relief that is plausible (not speculative) on its face."  *Hess*, ¶ 11.  In reviewing an order granting a C.R.C.P. 12(b)(5) motion, we apply the same standards as a trial court, accepting the complaint's factual allegations as true and viewing them in the light most favorable to the plaintiff.  *Patterson v. James*, 2018 COA 173, ¶ 16.  But we need not accept as true legal conclusions that are couched as factual allegations or conclusory assertions that are unsupported by factual allegations.  *Warne v. Hall*, 2016 CO 50, ¶ 9.  We consider only facts that are alleged in the pleadings and documents that are attached as exhibits or incorporated by reference.  *Prospect Dev. Co. v. Holland & Knight, LLP*, 2018 COA 107, ¶ 11.

¶ 12 Although a statute of limitations defense generally should not be raised in a motion to dismiss, a court may dismiss a plaintiff's claims on statute of limitations grounds when the "bare allegations" of the complaint reveal the untimeliness of the claims.  *Meyerstein v. City of Aspen*, 282 P.3d 456, 470-71 (Colo. App. 2011).

¶ 13 Because Franklin filed this appeal without the assistance of counsel, we construe her briefs broadly to ensure that she is not denied review of important issues because of her inability to

articulate her argument like a lawyer.  *See Jones v. Williams*, 2019 CO 61, ¶ 5.  Still, it is not our role to rewrite her briefs or to act as her advocate.  *See Johnson v. McGrath,* 2024 COA 5, ¶ 10.

## III.    Analysis

¶ 14    Franklin contends that the district court erred by granting the State defendants' motion to dismiss because (1) it considered information outside of the complaint; (2) it had subject matter jurisdiction to consider her constitutional challenges to statutes; (3) the statute of limitations did not bar her claims; and (4) she was entitled to damages under § 1983.  We affirm the district court's dismissal of Franklin's claims.

### A.    Procedural Challenge

¶ 15    Franklin contends that the district court erroneously relied on information outside the complaint to grant the State defendants' motion to dismiss.  We reject this contention for two reasons.

¶ 16    First, to the extent Franklin contends that the district court erred by looking beyond the complaint to address the State defendant's C.R.C.P. 12(b)(1) argument, she is mistaken.  A court is allowed to consider evidence outside the pleadings to resolve a

11

jurisdictional challenge. *City of Aspen v. Kinder Morgan, Inc.*, 143 P.3d 1076, 1078 (Colo. App. 2006).

¶ 17 Second, to the extent Franklin contends that the district court erred by considering information outside the complaint to dismiss her claims on statute of limitations grounds, she does not identify what information the district court erroneously considered. Although the district court clearly relied on the PPO, Franklin referenced it and the dissolution court's permanent orders in her complaint. So the district court was allowed to consider those orders in resolving the State defendants' C.R.C.P. 12(b)(5) argument. *See Yadon v. Lowry*, 126 P.3d 332, 335-36 (Colo. App. 2005) (documents attached to or referenced in the complaint are not "matters outside the pleading" for purposes of C.R.C.P. 12(b)(5)).

¶ 18 Without knowing what other information Franklin believes the district court improperly considered, we cannot address this contention further. Accordingly, we conclude that the district court did not err by considering the PPO or the permanent orders when resolving the State defendants' motion to dismiss. *See Prospect Dev. Co.*, ¶ 11; *Medina*, 35 P.3d at 452.

## B. Subject Matter Jurisdiction

¶ 19    Franklin contends that the district court erred by concluding it lacked subject matter jurisdiction over her claims. Specifically, Franklin contends that she did not ask the district court to review or set aside the PPO but instead brought standalone constitutional challenges to statutes over which the district court had "original jurisdiction." We are not persuaded.[3]

¶ 20    Franklin argues that she raised purely constitutional challenges to statutes that were not tied to the PPO, but she clearly sought to invalidate the PPO through those constitutional claims. For example, claim one asserted that title 13, article 14, which provides the statutory framework for civil protection orders, *see* §§ 13-14-100.2 to -111, C.R.S. 2025, was unconstitutional because "its" indefinite deprivation of her Second Amendment rights ran afoul of *Rahimi.* Claim two asserted that title 13, article 14, was unconstitutional because "it" severed Franklin's parent-child relationship under a relaxed evidentiary standard. And claim five

---

[3] As we best understand the complaint, Franklin seeks relief from only the PPO. To the extent she also seeks relief from the permanent orders, our rationale for affirming the dismissal of her claims would be the same.

asserted that title 13, article 14, was unconstitutional because "it" deprived Franklin of her fundamental right to parent without adequate due process safeguards. But title 13, article 14, did not, *by itself*, commit any of the alleged constitutional transgressions. Instead, it was the *entry of the PPO* under the challenged statutes that allegedly violated Franklin's constitutional rights. Indeed, Franklin asked the district court to declare title 13, article 14, unconstitutional *to prevent enforcement of the PPO against her.*[4]

¶ 21     For this reason, we agree with the district court that Franklin's constitutional claims were an attempt to collaterally attack the dissolution court's orders. *See Brennan v. Grover*, 404 P.2d 544, 546 (Colo. 1965) ("A collateral attack on a judgment has been defined as an 'attempt to avoid, defeat, or evade it, or deny its force and effect, in some incidental proceeding not provided by law . . . .'" (citation omitted)). And because "all district courts are equal in the judicial hierarchy," the jurisdiction of one district court "does not extend to a review of the decisions and judgment of" another

---

[4] Franklin's other constitutional claims are framed similarly and suffer from the same defects.

district court. *State ex rel. Dep't of Corr. v. Pena*, 911 P.2d 48, 57 (Colo. 1996).

¶ 22    Regardless of whether the PPO violated Franklin's constitutional rights, the district court did not have jurisdiction to invalidate it because it was entered by the dissolution court, which is another district court. *See id.* (Even "an erroneous judgment . . . is not subject to collateral attack by another court of coordinate jurisdiction."). Accordingly, we conclude that the district court did not err by dismissing Franklin's constitutional claims for lack of subject matter jurisdiction. *See Medina*, 35 P.3d at 452.

¶ 23    But even if we misunderstand Franklin's claims and the district court had subject matter jurisdiction over them, we nonetheless conclude they are barred by the statute of limitations, as we discuss next.

## C.    Statute of Limitations

¶ 24    Franklin contends that the district court erred by concluding that her claims were barred by the two-year statute of limitations. We disagree.

¶ 25    Franklin does not dispute that a two-year statute of limitations governs both her constitutional claims and her § 1983

claims. *See* § 13–80–102(1)(a), (g), C.R.S. 2025 (requiring that tort actions, outside of an exception not relevant here, and "[a]ll actions upon liability created by a federal statute where no period of limitation is provided in said federal statute" "must be commenced within two years after the cause of action accrues"); *Indus. Constructors Corp. v. U.S. Bureau of Reclamation*, 15 F.3d 963, 968 (10th Cir. 1994) (an action brought pursuant to § 1983 is subject to the statute of limitations of the general personal injury statute in the state where the action arose). Nor does Franklin dispute that an action accrues, for purposes of the statute of limitations, when a plaintiff has "knowledge of the facts essential to the cause of action," whether or not the plaintiff has "knowledge of the legal theory supporting the cause of action." *Murry v. GuideOne Specialty Mut. Ins. Co.,* 194 P.3d 489, 492 (Colo. App. 2008); *see* § 13-80-108(8), C.R.S. 2025 ("A cause of action for losses or damages . . . shall be deemed to accrue when the injury, loss, damage, or conduct giving rise to the cause of action is discovered or should have been discovered by the exercise of reasonable diligence."); *Onyx Props. LLC v. Bd. of Cnty. Comm'rs*, 868 F. Supp. 2d 1171, 1174 (D. Colo. 2012) (the accrual date for a § 1983 claim

16

is when the plaintiff "knew or should have known that their constitutional rights were violated").

¶ 26     In her complaint, Franklin alleges that her ex-husband "deceitfully, maliciously, and vengefully obtain[ed]" the PPO in June 2012. Thus, based on the bare allegations of the complaint, any claim that the PPO was unconstitutional (or that the cited statutes were unconstitutional as applied to her when the PPO was entered) and any claim for damages under § 1983 resulting from entry of the PPO must have been brought no later than 2014. *See Meyerstein*, 282 P.3d at 470-71; *Murry*, 194 P.3d at 492. Franklin filed her complaint in August 2024. As a result, Franklin's claims are barred by the statute of limitations. *See* § 13-80-102(1)(a), (g).

¶ 27     We are not persuaded otherwise by Franklin's argument that she could not have known about her constitutional claims earlier. Franklin asserts that her claims did not manifest as "factual realties" until *Rahimi*, 602 U.S. 680, was announced in 2024. Even if that were true, *Rahimi* only arguably impacts claim one, in which Franklin asserts that entry of the PPO violated her Second Amendment rights as discussed in that case. But Franklin knew of the essential facts underlying her claims in 2012. That *Rahimi* may

17

have given her a new legal theory to pursue does not change when her claim accrued. *See Murry*, 194 P.3d at 492.

¶ 28 Franklin also cites *Santosky*, 455 U.S. 745, to argue that she could not have known of her claims earlier. But that case was announced in 1982, and Franklin does not explain why it requires a different accrual date given its age. *See Murry*, 194 P.3d at 492; *Barnett v. Elite Props. of Am., Inc.*, 252 P.3d 14, 19 (Colo. App. 2010) ("We will not consider a bald legal proposition presented without argument or development.").

¶ 29 We are also not persuaded by Franklin's argument that the continuing violation doctrine changes the accrual date on her claims. The continuing violation doctrine is a federal common law doctrine that can alter the accrual date for tort claims (including § 1983 claims). *See Herrera v. City of Espanola*, 32 F.4th 980, 993-94 (10th Cir. 2022). It applies when there are continual unlawful acts or a series of separate acts that collectively constitute one unlawful act, "such that if any acts occurred within the statute of limitations, the entire course of conduct can be pursued in the action." *Id.* at 993. The doctrine does not apply when there is "a

18

discrete unlawful act" followed by "continual ill effects from the original violation." *Id.* at 993 (citations omitted).

¶ 30 Franklin asserts that she continues to suffer each year the PPO remains in place, so the statute of limitations accrues anew each year. Franklin argues her case is like *Ben v. General Motors Acceptance Corp.*, 374 F. Supp. 1199, 1202 (D. Colo. 1974), in which the plaintiff's civil rights were violated each time her insurance policy renewed annually. But unlike the insurance policy in *Ben*, the PPO entered once; it does not enter anew each year. Consequently, Franklin alleged one "discrete unlawful act" that occurred when the PPO was entered in 2012. *Herrera*, 32 F.4th at 993 (citation omitted). Even if the "ill effects" continue, Franklin's claim does not accrue again each year the PPO remains in place. *Id.* (citation omitted).

¶ 31 To the extent Franklin argues that her claims accrued in October 2024 when the dissolution court modified the PPO, we decline to consider the argument. Franklin filed her complaint before the court modified the PPO, so the claims asserted in the complaint could not have related to the 2024 modification. And

Franklin did not ask the district court to allow her to amend the complaint to include any claims based on the 2024 modification.[5]

¶ 32    To the extent Franklin raises an argument based on the supremacy clause, she did not preserve that argument by raising it with the district court, so we decline to address it. *See Am. Fam. Mut. Ins. Co. v. Allen*, 102 P.3d 333, 340 n.10 (Colo. 2004) ("Arguments not raised before the trial court may not be raised for the first time on appeal.").

---

[5] Based on our review of the record, the only modifications the dissolution court made to the PPO were to allow Franklin to write letters to her minor child and to allow phone or text communication if initiated by the child. The modifications do not appear to relate to any of Franklin's constitutional complaints.

¶ 33    For these reasons, we conclude that the district court did not err by dismissing Franklin's claims.[6]  *See Hess*, ¶ 11; *Meyerstein*, 282 P.3d at 470-71.

## IV.    Disposition

¶ 34    The district court's judgment is affirmed.

JUDGE HARRIS and JUDGE TOW concur.

---

[6] The district court dismissed Franklin's § 1983 claims on the basis that Franklin may not recover damages from the State or the district court, as an arm of the State, under § 1983.  But in their motion to dismiss, the State defendants argued that all of Franklin's claims were barred by the two-year statute of limitations, and they reassert that argument on appeal.  Because we affirm the district court's dismissal of the § 1983 claims on the alternative basis that the claims are barred by the statute of limitations, *see Laleh v. Johnson*, 2017 CO 93, ¶ 24 (an appellate court can affirm a trial court's order on any ground supported by the record, whether relied upon or even considered by the trial court), we do not reach Franklin's contention that district court erred by concluding that the State defendants were immune from § 1983 damages.