**Ann deBOER, Plaintiff–Appellant,**

v.

**Frank JONES and Charlene Jones, Defendants–Appellees.**

**No. 99CA0383.**

Colorado Court of Appeals, Div. V.

Jan. 20, 2000.

Golden, Mumby, Summers, Livingston & Kane, LLP, William M. Kane, Grand Junction, Colorado, for Plaintiff–Appellant.

Younge & Hockensmith, P.C., Brent A. Carlson, Grand Junction, Colorado, for Defendants–Appellees.

Opinion by Judge DAVIDSON.

Plaintiff, Ann deBoer, appeals from the summary judgment entered against her and in favor of defendants, Frank and Charlene Jones, on plaintiff's claim of negligence. We affirm.

Plaintiff alleged that she sustained injuries when she stepped onto the cover of a water meter pit located on defendants' property. The complaint alleged that defendants had actual knowledge of the hazardous nature of the meter pit and that they were negligent in failing to warn plaintiff of that hazard. Defendants filed an answer denying liability and

designating the Ute Water Conservancy District (Ute) as a responsible non-party.

Several months later, plaintiff commenced a separate action against Ute. In that action, plaintiff alleged that Ute owned and maintained the water meter, the pit, and the meter cover (hereafter collectively "water meter"). She further alleged that Ute "negligently operated and maintained the water facility by constructing the pit in a manner such as to make it barely visible ... by failing to use a cover which could be easily and securely fastened ... and/or by failing to properly secure the cover to the rim of the pit after the last reading of the water meter...." The trial court later consolidated the two actions.

Defendants filed a motion for summary judgment in which they argued that, by virtue of Ute's exclusive ownership of and obligation to maintain the water meter, defendants owed no duty to plaintiff under § 13-21-115, C.R.S.1999 (the premises liability statute). Alternatively, defendants argued that they had no actual knowledge of a dangerous condition relating to the water meter, and that absent such knowledge, plaintiff, as a licensee, could not recover.

The trial court determined that defendants did not owe plaintiff a duty under the premises liability statute and granted defendants' motion. The trial court then certified the judgment as final pursuant to C.R.C.P. 54(b).

### I.

Plaintiff contends that the trial court erred in concluding that defendants did not owe plaintiff a duty under the premises liability statute. We disagree.

■ Initially, we note that summary judgment is warranted only upon a clear showing that no genuine issue as to any material fact exists and that the moving party is entitled to judgment as a matter of law. *See* C.R.C.P. 56; *Greenwood Trust Co. v. Conley,* 938 P.2d 1141 (Colo.1997). The moving party has the initial burden to show that there is no genuine issue of material fact. *See Greenwood Trust Co. v. Conley, supra.* Once the moving party has met its initial burden, the burden shifts to the nonmoving

party to establish that there is a triable issue of fact. *AviComm, Inc. v. Colorado Public Utilities Commission,* 955 P.2d 1023 (Colo. 1998).

The premises liability statute defines a "landowner" as "including, without limitation, an authorized agent or person in possession of real property and a person legally responsible for the condition of real property or for the activities conducted or circumstances existing on real property." *See* § 13-21-115(1), C.R.S.1999.

■ With their summary judgment motion, defendants presented evidence that they did not own the water meter, and that they were not responsible for its condition or maintenance. Defendants attached an excerpt of the deposition of Ute's risk manager, who testified that Ute owned and maintained the water meter as part of its water system. Defendants also attached a copy of Ute's "Rules and Regulations," which provide, in pertinent part, that "no person shall ... willfully ... uncover ... or tamper with any structures, appurtenances or equipment which is part of the District system." The regulations further provide that Ute is obligated to repair and maintain all but the "water service line."

In her response, plaintiff argued that the risk manager's testimony was not sufficient to establish Ute's ownership of the water meter. However, plaintiff failed to present any evidence to contradict that testimony. Furthermore, as set forth above, plaintiff's own complaint against Ute alleged that Ute "*owns and maintains* a water facility on [defendants'] [p]roperty consisting of a pit, water meter, and cover." (emphasis added.)

The trial court determined, and we agree, that there was no genuine issue of fact and that Ute had (1) exclusive ownership of the water meter, (2) the exclusive right to possess the water meter, and (3) the exclusive responsibility to maintain the water meter.

In *Perez v. Grovert,* 962 P.2d 996 (Colo. App.1998), a division of this court concluded that a lessor/owner who transfers possession and control over the leased premises to lessees has no liability under the premises liability statute for injuries resulting from a

dangerous condition of the premises. The division emphasized the fact that the lessees were entitled to exclusive possession of the premises and were obligated under the lease to keep the premises in good repair at their own expense.

We find the rationale in *Grovert* persuasive and applicable to the facts of this case. As in *Grovert*, defendants here had no possession of, or control over, the alleged dangerous condition. Furthermore, it was undisputed that Ute was obligated to maintain the water meter.

Plaintiff notes that defendants were the record owners of the property surrounding the water meter and that Ute merely had an easement for the water meter. Plaintiff argues that the rationale of *Grovert* should not apply because, as an easement holder, Ute did not have the same right to exclusive possession as does a typical lessee. While this assertion may generally be correct, here, by virtue of Ute's actual ownership of the water meter and its regulations prohibiting anyone else from tampering with the meter, Ute retained exclusive authority over the condition of the water meter. Thus, Ute's right to exclusive possession was at least as great as that of an ordinary lessee.

Plaintiff also contends that defendants had a non-delegable duty concerning the condition of the water meter. In support of this contention, plaintiff relies on *Jules v. Embassy Properties, Inc.*, 905 P.2d 13 (Colo.App. 1995) and *Kidwell v. K–Mart Corp.*, 942 P.2d 1280 (Colo.App.1996). In those cases, the defendants retained possession of their property but delegated responsibility for maintenance to third parties. In both cases, divisions of this court concluded that, so long as a landowner retains possession of the property in question, he or she cannot delegate the obligations imposed under the premises liability statute.

Unlike the circumstances in *Jules* and *Kidwell*, however, defendants here were not in possession of the water meter and, indeed, had no right to tamper with or disturb it. Thus, we conclude that those decisions are inapposite.

## II.

 Plaintiff also contends that, even if defendants did not owe her a duty under the premises liability statute, such a duty exists under common law principles. However, because plaintiff raised this contention for the first time in her reply brief, we decline to consider it. *See People v. Czemerynski*, 786 P.2d 1100 (Colo.1990); *Gold Vain Ltd. Liability Co. v. City of Cripple Creek*, 973 P.2d 1286 (Colo.App.1999).

The judgment is affirmed.

Judge TAUBMAN and Judge KAPELKE concur.