25CA0111 Bruce v Aurora Convention Center 11-06-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 25CA0111
El Paso County District Court No. 23CV30432
Honorable Hilary Gurney, Judge

---

Douglas Bruce,

Plaintiff-Appellant,

v.

Aurora Convention Center Hotel Lessee, LLC; Marriott Hotel Services, LLC; and Colorado Christian University

Defendants-Appellees.

---

JUDGMENT AFFIRMED AND CASE
REMANDED WITH DIRECTIONS

Division VII
Opinion by JUDGE TOW
Lum and Graham*, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced November 6, 2025

---

Douglas Bruce, Pro Se

Childs McCune Michalek LLC, Sarah Van Arsdale Berry, Karin B. Williamson, Denver, Colorado, for Defendants-Appellees Aurora Convention Center Hotel Lessee, LLC and Marriott Hotel Services, LLC

Gordon Rees Scully Mansukhani LLP, John R. Mann, Greg S. Hearing II, Brittney Bulawa, Denver, Colorado, for Defendant-Appellee Colorado Christian University

*Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24-51-1105, C.R.S. 2025.

¶ 1 Plaintiff, Douglas Bruce, appeals the district court's order granting summary judgment in favor of defendants, Aurora Convention Center Hotel Lessee, LLC, d/b/a Gaylord Rockies Resort & Convention Center (Gaylord); Marriott Hotel Services, LLC (Marriott); and Colorado Christian University (CCU). We affirm the judgment and remand for the determination of appellate attorney fees.

## I. Background

### A. Factual Background

¶ 2 The following facts are taken from Bruce's third amended complaint and the submissions of the parties on the motions for summary judgment.

¶ 3 Bruce attended a conference sponsored by CCU. The conference took place at the Gaylord. Bruce approached the stage during an event to hand papers to the speaker. As he returned to his seat from the stage area, Bruce tripped and fell to the floor, landing on a monitor that was acting as the speaker's teleprompter. Bruce suffered injuries as a result of the fall.

## B. Procedural Background

¶ 4     Bruce brought claims under the Colorado Premises Liability Act (PLA), § 13-21-115, C.R.S. 2025, against Gaylord and its property manager, Marriott.  Bruce filed multiple amended complaints, adding PLA claims against CCU and two entities that were involved in the management or set up of the conference, ShowPro of South Florida, Inc. (ShowPro) and Legacy Productions, Inc. (Legacy).  In addition, Bruce asserted common law negligence claims in the alternative against ShowPro and Legacy.  ShowPro was dismissed from the case after reaching a settlement with Bruce. Shortly thereafter, Gaylord, Marriott, and CCU filed a joint motion for summary judgment (the joint motion).[1]  Legacy separately joined in this motion.  Among other things, the parties argued that summary judgment was appropriate because "there was no dangerous condition present, [and] there was no breach of the

---

[1] Gaylord and Marriott, though separate entities, were represented by the same counsel, who referred to them collectively in the summary judgment briefing as "Marriott."  Curiously, defendants and Bruce at times appear to treat these two entities as a single defendant.  We attempt to unravel the confusion this creates below.

standard of care."[2]  The joint motion reflects that it was served on Bruce both by mailing it to his post-office box and emailing it to his personal account.

¶ 5     More than two weeks after the deadline to respond to the joint motion, Bruce filed a response that, though styled as an affidavit, was not dated, signed, or notarized.  The next day, Bruce filed a substantially similar, though not identical, response that was dated, signed, and notarized.  Later that day, the district court issued its order granting the joint motion.

¶ 6     The district court granted summary judgment in favor of all four remaining defendants on the PLA claims.[3]  Specifically, the court concluded that a video submitted as an exhibit to the joint motion unequivocally depicted Bruce tripping over the monitor, which was at least as high as Bruce's knee and sitting in plain

_____

[2] The parties also challenged whether CCU and Legacy were landowners under the PLA.  The district court did not grant summary judgment on that basis, however, so we do not discuss that issue further.

[3] In the order, the district court classified Legacy's motion as "a motion for partial summary judgment" because it did not provide any argument on the negligence claim.  Several months later, the district court granted Legacy's second motion for summary judgment, resolving this final claim.

sight. The court observed that the video established that there was room to walk around the monitor, there were lights to illuminate the floor, and the monitor was illuminated when Bruce walked into it. The court further noted that, to the extent Bruce alleged that he tripped over electrical wires taped to the floor, as opposed to the monitor, he failed to present any evidence establishing the existence of any such tangle or mass of wires or that any such wires created a dangerous condition.

¶ 7    In light of this video, the court determined that Bruce had failed to satisfy his burden of bringing forward sufficient evidence to show the existence of a dangerous condition. The district court additionally concluded that Bruce had not provided any evidence to suggest that any of the remaining defendants knew or should have known that the monitor was a dangerous condition.

## II.    Bruce's Noncompliant Brief

¶ 8    Initially, we note that neither Bruce's notice of appeal nor his opening brief complies with the appellate rules. The notice of appeal does not include a general statement of the nature of controversy; the judgment, orders, or parts being appealed; or an advisory listing of the issues to be raised on appeal. *See* C.A.R.

3(d)(2)(A)-(B), (d)(3). Bruce's opening brief, which appears to be a substantially verbatim repeat of the notice of appeal, does not include a certificate of compliance with all of C.A.R. 28; a table of contents with page references; a table of authorities; a statement of the issues presented for review; a concise statement identifying the ruling, judgment, or order presented for review; a summary of the arguments; or discrete arguments set out under separate headings. *See* C.A.R. 28(a)(1)-(7).

¶ 9   In sum, Bruce's filings are a string of assertions without any citations to the record or case law. In light of this substantial noncompliance, Gaylord requests that Bruce's appeal be dismissed. Doing so would be within our discretion and, in fact, may well be warranted in this case. *See* C.A.R. 38(a) ("The appellate court may dismiss an appeal . . . for the failure to comply with any of its orders or these appellate rules. . . .").  As a pro se party, Bruce must comply with procedural rules to the same extent as a represented party. *See Adams v. Sagee*, 2017 COA 133, ¶ 10.

¶ 10   Nevertheless, we note that Gaylord and CCU were able to file coherent briefs that adequately state their positions as to the propriety of the district court's summary judgment order. Thus, we

exercise our discretion to address the merits of Bruce's contentions to the extent they are adequately developed.

### III. Scope of this Appeal

¶ 11 As a related preliminary matter, we pause to discuss what is properly before us, both in terms of parties and claims, in this appeal.

### A. Parties to the Appeal

¶ 12 In the caption of Bruce's notice of appeal, he identifies defendants-appellees as "Aurora Convention Center Hotel Lessee and Colorado Christian University." Maintaining that caption, notwithstanding the parties designated in it, Bruce asserts in both his notice of appeal and his opening brief that he "continues his suit on appeal with CCU and Marriott only." In addition, Bruce's background section of his opening brief begins with the incorrect statement that "four corporate defendants were served." As noted above, there were five corporate defendants in this case: Gaylord, Marriott, CCU, ShowPro, and Legacy. Likely flowing from this caption, Marriott did not file an answer brief or otherwise actively

participate in this appeal;[4] even though all of Gaylord's pleadings in the district court were also filed on behalf of Marriott, Gaylord's answer brief did not mention Marriott at all. And although both parties identified in the caption filed answer briefs, Bruce complains in his reply brief that one appellee never filed an answer brief. Presumably, Bruce is referring to either Marriott or Legacy — though which one is unclear.[5]

¶ 13 This confusion seems to stem, at least in part, from the fact that Gaylord and Marriott were represented by the same counsel, who at times treated these separate corporate entities as a single defendant. For example, the joint motion — which referred to

---

[4] Shortly after Bruce filed the notice of appeal, attorneys Karin Williamson and Julia Morgenthau filed an entry of appearance "on behalf of" Gaylord only. Several months later, however, in a notice informing the court that their firm's name and address had changed, these attorneys identified themselves in both the caption and signature block as "Attorneys for Defendants [Gaylord] and [Marriott]." By signing this filing, these attorneys entered their appearance before this court as counsel for Marriott as well as Gaylord. *See* C.A.R. 5(a).

[5] There is no provision in the appellate rules for imposing a default judgment, as Bruce appears to suggest is warranted.

Gaylord and Marriott collectively as Marriott[6] — contained a footnote explaining the procedural history of the case in which counsel said, "ShowPro has since been dismissed from this matter leaving *the remaining three* defendants: Marriott, Legacy, and CCU." (Emphasis added.)

¶ 14     Under a strict application of the appellate rules, we could conclude that Bruce only appealed the judgment as to either Gaylord or Marriott but not both.  But choosing which one would be wholly arbitrary on this record since the filings mention one only in the caption and the other only in the body.  Moreover, we are to liberally construe a pro se party's pleadings.  *Adams*, ¶ 10. Furthermore, given that all three parties have contributed to the confusion — Bruce through the inconsistency between the caption and the body of his appellate filings and Gaylord and Marriott through their joint counsel's alternating treatment of the entities as merely aligned or as a single entity — we deem Bruce's appeal to be

---

[6] We do not suggest that referring to separate but aligned parties by a collective defined term in court filings is inappropriate.  Nor do we suggest that doing so somehow merges the aligned parties into a single party.  We note it here simply as context for the confusion as to which entities are, or should be, parties to this appeal.

directed at the judgment entered in favor of both Gaylord and Marriott (as well as CCU). In addition, given the misleading caption and the muddled notice of appeal and opening brief, and in light of the fact that every filing by Gaylord and Marriott's joint counsel in the district court has been filed on behalf of both parties, we deem the answer brief filed by Gaylord's counsel to also be filed on behalf of Marriott.[7] In our view, this resolution of the confusion avoids prejudicing any party and places all parties in the appellate posture they actually contemplated.

## B.    Issues on Appeal

¶ 15    Equally unclear is what, precisely, Bruce intends to appeal. In both the notice of appeal and the opening brief, he purports to appeal "the actions and orders taken by Division 14 of the District Court in El Paso County." But, as noted, the notice of appeal does not identify the specific "judgment, order[] or parts being appealed." C.A.R. 3(d)(2)(B). And the brief does not clearly lay out separate appellate issues or claims.

---

[7] To balance the goals of avoiding confusion while maintaining brevity, we refer to the two parties collectively as "Gaylord/Marriott" for the remainder of this opinion.

¶ 16    Instead, Bruce's briefs contain largely conclusory assertions without any supporting references to case law or the appellate record. It is "not the duty of the reviewing court to search the record for evidence to support bald assertions." *Brighton Sch. Dist. 27J v. Transamerica Premier Ins. Co.*, 923 P.2d 328, 335 (Colo. App. 1996), *aff'd*, 940 P.2d 348 (Colo. 1997). And we will not address undeveloped or conclusory appellate arguments. *Woodbridge Condo. Ass'n v. Lo Viento Blanco, LLC*, 2020 COA 34, ¶ 41 n.12, *aff'd*, 2021 CO 56. Finally, liberal construction of a pro se party's pleadings "does not include inventing arguments not made by the pro se party." *Minshall v. Johnston*, 2018 COA 44, ¶ 21.

¶ 17    As best we can glean from Bruce's opening brief, he intends to challenge virtually every decision made by the district court. But the following contentions are wholly undeveloped:

- "The judge denied [Bruce's] continued use of e-filing (email) systems allowed to attorneys." He cites no provision of law that requires pro se parties to be allowed to e-file or file and serve by email.

- The court mistakenly "contend[ed] [Bruce] had not objected to withdrawal of his counsel." He points to

10

nothing in the record that demonstrates that he filed any such objection *with the court* before the court ruled on the withdrawal request.  *See* C.R.C.P. 121, § 1-1(2)(b) (The court may grant a motion to withdraw if the motion "has been filed and served on the client" and "the client . . . consent[s] in writing at or after the time of the service of said motion, or at least 14 days have expired after service.").

- The court allowed counsel to withdraw "with no stated good cause and no hearing."  He cites no authority establishing a good cause threshold or a requirement for a hearing before counsel may be permitted to withdraw.

- The court improperly muted him during a telephonic status conference.  Because he provides no transcript of the hearing, we must presume that it would support the court's decision to do so.  *See EnCana Oil & Gas (USA), Inc. v. Miller*, 2017 COA 112, ¶ 16 n.4.

- The court inappropriately used a street address that has no mail receptacle instead of his post-office box.  He

11

does not allege that any prejudice, such as missed filing deadlines, resulted from the delays caused by these incorrect mailings.[8] *See Wunder v. Dep't of Revenue*, 867 P.2d 178, 181 (Colo. App. 1993) (finding plaintiff did not demonstrate any prejudice resulting from improper notification during judicial proceedings).

- The court mishandled his C.R.C.P. 97 motion to disqualify the judge because "Rule 97 allows referral to

[8] Bruce alleges that these mailing mistakes constituted an effort by the district court judge to "block[] contact to and by" Bruce. Similarly, Bruce surmises that the judge's ruling were, at least in part, influenced by the judge's "hate" of Bruce's political views and, thus, aimed "to deny [Bruce] money" for his injuries. Obviously, the court was mistaken in using a street address instead of the post-office box provided in Bruce's complaint and on his counsel's motion to withdraw — especially when the court file reflects that the first such mailing was returned as undeliverable. But judges do not generally address the mail themselves; that task is handled by the judicial branch's case management system or by court staff. In short, there is no basis whatsoever for Bruce inferring any ill will or "hatred" on the part of the district judge. *See People v. Thoro Prods. Co.*, 45 P.3d 737, 747 (Colo. App. 2001) ("Legal rulings in a case are, by themselves, insufficient to demonstrate a bias or prejudice against a party."), *aff'd*, 70 P.3d 1188 (Colo. 2003). Such scurrilous allegations have no place in litigation; thus, we hereby put Bruce on notice that this court may summarily strike any future such filings and may also impose sanctions, including dismissal and an award of attorney fees. *See Martin v. Essrig*, 277 P.3d 857, 861-62 (Colo. App. 2011).

the presiding judge, but the trial judge denied that too."
He cites no authority *requiring* such a referral or
demonstrating that the judge's decision not to do so on
the facts of this case was improper and offers no other
argument pertaining to the court's denial of the motion
to disqualify.

Because these contentions are conclusory and undeveloped, we do
not address them further. *See Woodbridge Condo. Ass'n*, ¶ 41 n.12.

¶ 18　　In addition, we note Bruce's passing comment in his opening
brief that Gaylord/Marriott and CCU have "prematurely billed
appellant for their costs." Costs are a separate issue from a merits
judgment. *Oster v. Baack*, 2015 COA 39, ¶ 20. Although
Gaylord/Marriott and CCU have filed bills of costs in the trial court,
the district court has not acted on them. Thus, the issue of costs is
not before us in this appeal.

¶ 19　　Liberally construing Bruce's briefs, we glean only three
appellate contentions that are even arguably sufficiently articulated
and developed: The trial court erred by (1) denying or not ruling on
his multiple requests to continue trial; (2) denying his request to
reopen discovery and amend his complaint to add allegations

regarding a subsequent injury he alleges was causally related to the fall at issue in this case; and (3) granting the motion for summary judgment in favor of Gaylord/Marriott and CCU.  Because our resolution of the third issue dispenses with the need to address the first two, we turn to that first.

## IV.    Summary Judgment

¶ 20    As best we can discern, Bruce lodges several challenges against the summary judgment order, both as to its form and its merits.  We address them in turn.

### A.    Form of the Order

¶ 21    In his opening brief, Bruce appears to argue that the order granting summary judgment did not constitute a final order because it was not titled "final order" and because, though the court "granted" the motion for summary judgment, it did not "dismiss" the case.  Bruce misunderstands the effect of granting summary judgment.  Provided the order is reduced to writing and signed, *see* C.R.C.P. 58(a), an order granting a defendant's motion for summary judgment is sufficient to resolve all claims addressed by the order, *see ISG, LLC v. Ark. Valley Ditch Ass'n,* 120 P.3d 724, 730 (Colo. 2005) (deeming it wholly immaterial whether an order is

labelled a dismissal or a summary judgment because the legal propriety of the order and its ultimate effect are the same).

¶ 22 Bruce also objects that the court did not vacate the trial date. But at that time, the common law negligence claim against Legacy remained pending. Thus, there was still a possibility that the case would proceed to trial when the joint summary judgment motion was granted. For similar reasons, the court could not, as Bruce suggests, label the order granting the joint summary judgment motion a "final order." An order is not final for purposes of appeal until it resolves *all* claims against *all* parties. C.R.C.P. 54(b). Had the court so labeled the order, as Bruce insists should have been done, it would have potentially confused the parties as to the deadline for filing an appeal.

¶ 23 In short, we discern no error in the form of the court's order granting summary judgment.

## B. Merits of the Order

¶ 24 Turning to the merits of the summary judgment order, Bruce asserts the following: (1) the court incorrectly said Bruce had failed to file an affidavit in opposition to the joint motion; (2) Gaylord/Marriott and CCU failed to file any affidavits with the

joint motion; and (3) videos other than the one relied on by the court would show a different depiction of the "distances, angles, and degree of lighting." After addressing the standard of review and the applicable procedure for summary judgment motions, we discuss, and reject, each contention.

### 1. Standard of Review and Applicable Procedure

¶ 25 We review de novo the district court's order granting summary judgment. *Ruiz v. Chappell*, 2020 COA 22, ¶ 8. The nonmoving party is entitled to all favorable inferences from the undisputed facts, and all doubts as to the existence of a triable issue of fact are resolved against the moving party. *Id.*

¶ 26 A defendant seeking summary judgment must bring forth sufficient information to demonstrate the absence of a genuine issue of material fact. *deBoer v. Jones*, 996 P.2d 754, 755 (Colo. App. 2000). This may be done not only through any affidavits that are filed but also through pleadings, depositions, and responses to discovery. C.R.C.P. 56(c). Where the issue is not one on which the moving party would bear the ultimate burden of persuasion at trial, the moving party's initial burden is satisfied "by showing the court that there is an absence of evidence in the record to support the

nonmoving party's case." *Continental Air Lines, Inc. v. Keenan*, 731 P.2d 708, 712 (Colo. 1987).

¶ 27 Once the moving party has cleared this hurdle, the burden shifts to the plaintiff to produce enough evidence to demonstrate the existence of a triable issue of fact. *deBoer*, 996 P.2d at 756. At that point, the nonmoving party "may not rest on mere allegations or demands in [the] pleadings but must provide specific facts demonstrating a genuine issue for trial." *Rocky Mountain Expl., Inc. v. Davis Graham & Stubbs LLP*, 2018 CO 54, ¶ 27. If the nonmoving party fails to meet this burden, entry of summary judgment in favor of the moving party is proper. *Stalder v. Colo. Mesa Univ.*, 2024 COA 29, ¶ 19.

### 2. Summary Judgment Order

#### a. Bruce's Affidavit

¶ 28 We agree with Bruce that he filed an affidavit in opposition to the joint motion. But we do not agree that the district court's misstatement in this regard requires reversal.

¶ 29 As noted, Bruce filed two late responses to the joint motion. Both were titled the same — "Plaintiff's Interim Answer to Joint Motion for Summary Judgment" — and were styled with

17

"AFFIDAVIT" at the beginning.[9]  While unorthodox in form, these filings were effectively offered as verified filings.  *Cf. People v. Anderson*, 828 P.2d 228, 231 (Colo. 1992) (recognizing that a verified pleading may suffice for an affidavit).  Nevertheless, because the first version filed was undated, unsigned, and unnotarized, the court did not err by declining to treat it as an affidavit.  And given that the second one was filed mere hours before the district court issued its ruling, it is not clear whether the court saw the signed and notarized version.[10]

¶ 30    Moreover, the district court did not grant summary judgment *because* Bruce failed to file an affidavit.  Rather, the court ruled against Bruce because he failed to satisfy his burden of demonstrating a triable issue of fact once the burden to do so shifted to him.  Indeed, the district court observed that even if it

---

[9] Bruce did not explain what about the response was "interim."
[10] Bruce mentions another affidavit, but that was filed as a motion to reconsider the order granting summary judgment.  Obviously, the court could not have erred by not considering an affidavit that had not yet been filed.  And, in any event, affidavits filed in a motion to reconsider after summary judgment has been granted cannot be used to create a triable issue of fact.  *Graven v. Vail Assocs., Inc.*, 888 P.2d 310, 316 (Colo. App. 1994), *rev'd on other grounds*, 909 P.2d 514 (Colo. 1995).

were to treat Bruce's "interim answer" as an affidavit, the filing did not establish a triable issue of fact.

¶ 31 Because the trial court considered, in the alternative, the representations in Bruce's response to the summary judgment as if they had been presented in an affidavit, the error in not considering the filing to be an affidavit was harmless. *See In re Mendy Brockman Disability Tr.*, 2022 COA 75, ¶ 45 (finding any procedural error committed by the court was harmless because it reached the correct outcome).

b. Lack of Affidavits from Gaylord/Marriott or CCU

¶ 32 To the extent Bruce contends the joint motion should have been denied because Gaylord/Marriott and CCU failed to file supporting affidavits, we disagree.

¶ 33 A motion for summary judgment may be filed "with or without supporting affidavits." C.R.C.P. 56(a). Affidavits are not necessary if the movant satisfies its burden of demonstrating a lack of triable issue of fact through other means, including the pleadings themselves or materials obtained during discovery. C.R.C.P. 56(c).

¶ 34    Because Gaylord/Marriott and CCU presented proper materials under C.R.C.P. 56, their lack of affidavits was not fatal to their joint motion for summary judgment.

c.    Video Recording

¶ 35    We now turn to the heart of this appeal: Did the district court err by considering the video submitted with the joint motion to be dispositive, or should it have considered, as Bruce argues, that other videos would show a different depiction of the "distances, angles, and degree of lighting"?  We conclude it did not.

¶ 36    As noted, Gaylord/Marriott and CCU submitted as Exhibit D to the joint motion a video recording they had received in discovery from one of the other defendants.  The district court explicitly relied on this video recording in granting the joint motion.

¶ 37    After Bruce filed his opening brief on appeal, Gaylord/Marriott and CCU moved to supplement the record with Exhibit D, which this court granted.  In his reply brief, Bruce asserts that he "never saw a copy of the clip sent by the trial court."  That is his own fault. The appellate record was available for him to review had he chosen to do so.  In any event, he clearly saw the video during the briefing

on summary judgment, as he commented on what it depicts in his "interim answer."

¶ 38     He also complains that this court "did not give the parties time to review clips before ending regular briefing time," and that he "waited for the new briefing schedule, but it never came."  But Bruce never requested additional time to file the reply brief.[11]

¶ 39     Nor did Bruce move to supplement the record under C.A.R. 10(f)(2).  Instead, he attempted to file attachments with his reply brief, including at least one additional video recording that he described as depicting the walkway in front of the stage as being very dark.  However, those attachments were stricken because that is not the proper way to supplement the appellate record.

¶ 40     Moreover, we could not have supplemented the record with these materials even if he had filed such a request.  Bruce did not provide the district court with the materials in his response to the

_____

[11] In his reply brief, Bruce said he "d[id] not object to one or both defendants filing a supplemental brief that argue[d] any video clip or other 'facts,'" provided he was given the opportunity to file a reply.  It is unclear why Gaylord/Marriott or CCU would need to supplement the argument they just filed.  To the extent Bruce intended this statement to be a request for more time to file a reply brief, that would make little sense, since the request was contained in the reply brief itself.

joint motion. Before the district court entered summary judgment, Bruce's only mention of the existence of other possible video evidence was an assertion in his "interim answer" that he would present *at trial* "a VIDEO of the actual fall." But he did not include any such video in his summary judgment briefing. We may not consider any material that was not before the trial court. *In re Edilson*, 637 P.2d 362, 364-65 (Colo. 1981) (declining to consider materials attached to appellate pleadings that were not in the appellate record); C.A.R. 10(a)(1) (providing that the record on appeal consists of all materials "filed in the trial court case").

¶ 41    The material before the trial court included the following. In the third amended complaint, Bruce alleged that he "tripped over an object or objects which were lying on the floor in the walkway" and that "[t]he lighting in the walkway in front of the stage was inadequate for patrons to safely walk." In his sworn "interim answer," he averred that he "tripped over a tangle of black wires on an [sic] darkened floor with poor lighting." He further argued that the various defendants had not disclosed any expert to testify about the proper placement of monitors. But, significantly, Bruce — as the party with the ultimate burden of proving liability at trial — did

not offer any expert either and, in fact, offered no evidence other than his conclusory allegation that the placement of the wires was dangerous.

¶ 42    Countering that, the district court had before it a video recording clearly depicting a dimly, though nevertheless adequately lit, area. The video clearly shows Bruce tripping not over any cords or wires but over a plainly visible thigh-high monitor. Nothing in the video depicts anything that could be considered a dangerous condition. And, again, Bruce presented no evidence to the district court that it was. Instead, he insisted he would testify at trial and that was enough. But it is not enough when the only video evidence before the court conclusively belied his proposed testimony. *See Andersen v. Lindenbaum,* 160 P.3d 237, 239 (Colo. 2007) ("To avoid summary judgment, the evidence presented in opposition to such a motion must therefore be sufficient to demonstrate that a reasonable jury could return a verdict for the non-moving party.").

¶ 43    Under these circumstances, we, like the district court, conclude that Bruce did not satisfy his burden to bring forward sufficient evidence of the existence of a dangerous condition.

Accordingly, the district court did not err by granting summary judgment in favor of Gaylord/Marriott and CCU.

## V. Bruce's Remaining Contentions

¶ 44    In light of our conclusion that Gaylord/Marriott and CCU were entitled to summary judgment, we need not belabor Bruce's remaining contentions. Even if the court had continued the trial date as he requested, it would not have changed the outcome of the joint motion.[12] Similarly, reopening discovery related to injuries suffered during a later fall and whether those injuries were related to Bruce's tripping over the monitor would have no impact on whether Bruce had presented any evidence of a dangerous condition. In essence, the propriety of the summary judgment moots Bruce's other contentions.

## VI. Attorney Fees

¶ 45    Gaylord/Marriott requests attorney fees under C.A.R. 38. CCU does not request fees.

¶ 46    An appellate court may award attorney fees as a sanction for noncompliant briefing. C.A.R. 38(a). It may also award attorney

---

[12] Bruce does not argue that he needed additional time to retain counsel in order to better defend against the joint motion itself.

24

fees if it determines an appeal is frivolous. C.A.R. 38(b). "A claim is frivolous if the proponent has no rational argument to support it based on evidence or the law." *Black v. Black*, 2020 COA 64M, ¶ 133 (quoting *Zivian v. Brooke-Hitching*, 28 P.3d 970, 974 (Colo. App. 2001)).

¶ 47    A court may award fees against a pro se party only if it determines that the party "clearly knew or reasonably should have known that [his] action or defense, or any part [thereof], was substantially frivolous." § 13-17-102(6), C.R.S. 2025. An appeal can be frivolous in two ways:

> First, where an appeal is taken in a case in which "the judgment by the tribunal below was so plainly correct and the legal authority contrary to appellant's position so clear that there is really no appealable issue," the appeal is held to be "frivolous as filed." Second, even in cases in which genuinely appealable issues may exist, so that the taking of an appeal is not frivolous, the appellant's misconduct in arguing the appeal may be such as to justify holding the appeal to be "frivolous as argued."

*Castillo v. Koppes-Conway*, 148 P.3d 289, 292 (Colo. App. 2006) (emphasis omitted) (quoting *Dungaree Realty, Inc. v. United States*, 30 F.3d 122, 124 (Fed. Cir. 1994)).

25

¶ 48    We conclude that this appeal was frivolous as argued.  And we conclude that Bruce knew or should have known that it was.  A division of this court previously warned Bruce that noncompliance with the appellate rules could result in sanctions.  *Bruce v. City of Colorado Springs*, 252 P.3d 30, 32 (Colo. App. 2010).  And in this case, Gaylord/Marriott's answer brief pointed out that Bruce's opening brief failed to comply with the appellate rules in that it lacked any citation to the record or legal authority supporting his arguments.  Yet, in his reply brief, he again failed to cite either the record, any statute, or any case law.  In fact, Bruce has never offered any *legally based* argument against the court's summary judgment order.  Thus, an award of fees is appropriate.

¶ 49    Because the district court is better suited to conduct any necessary evidentiary proceedings related to determining the reasonableness and necessity of the attorney fees sought, we exercise our discretion under C.A.R. 39.1 and remand this issue to the district court to determine and award Gaylord/Marriott its reasonable appellate attorney fees.  *See Cronk v. Bowers*, 2023 COA 68M, ¶ 36.

## VII. Disposition

¶ 50    The judgment is affirmed, and the case is remanded to the district court to assess a reasonable attorney fees award.

JUDGE LUM and JUDGE GRAHAM concur.